PNEUMATIC SIGNAL COMPANY, Appellant, *v.* TEXAS AND PACIFIC RAILWAY COMPANY, Respondent.

**Trial** — direction of verdict against plaintiff — plaintiff's request to go to jury on issues named at the trial does not constitute a waiver of his right to go to jury on every issue in the case — action on contract for services.

A plaintiff in bringing his action thereby asks to go to the jury on any and every issue of fact which may arise upon the complaint and answer, and the specification by counsel of some issues as especially proper to be submitted, when he perceives that the court is about to direct a verdict against him, does not constitute a waiver of his right to go to the jury upon every other issue of fact which is really in the case.

Payment of a sum for material to be furnished and services rendered by plaintiff was by the contract therefor made conditional upon the accept-ance of the work by a state railroad commission. Plaintiff alleged and

the evidence supported the allegation that "the failure of said Railroad Commission to finally approve of this plant and all the work of the plaintiff is not due to any default, neglect or omission on the part of the said plaintiff, or to any failure of plaintiff to comply with the provisions of said contract, or to any failure on the part of said plaintiff to furnish proper appliances, labor and material in the erection of said plant, but was wholly due to the default, neglect and omission on behalf of the said defendant, as hereinbefore set forth." *Held,* that refusal to accept the work for reasons relating to the conduct of the railroad company alone could not stand in the way of plaintiff's right to payment, hence it was error to direct a verdict for defendant.

*Pneumatic Signal Co.* v. *Texas & Pacific Ry. Co.*, 133 App. Div. 781, reversed.

(Argued October 26, 1910; decided December 6, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 29, 1909, affirming a judgment in favor of defendant entered upon a verdict directed by the court and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William H. Tompkins* for appellant. Plaintiff complied with the three provisions of its contract with defendant, the performance of which were conditions precedent to its right of recovery against defendant, and it was error for the court to direct a verdict against plaintiff. (*U. S. Co.* v. *Arnoux,* 7 Misc. Rep. 700; *Solomon* v. *Vallette,* 152 N. Y. 147.) The acts and defaults of defendant prevented the railroad commission from making a certificate expressly approving and accepting the plant, and defendant is thereby estopped from insisting upon such certificate as a condition precedent to plaintiff's right of recovery. (*Young* v. *Hunter,* 6 N. Y. 203; *Gallagher* v. *Nichols,* 60 N. Y. 438; *Ellis* v. *Thompson,* 1 App. Div. 609; *N. Y. & N. H. A. S. Co.* v. *Anderson,* 173 N. Y. 25.)

*George S. Cooper* for respondent. Since the plaintiff did not show that the conditions precedent to its right to recover

had been performed, nor excuse such failure of performance, it failed to establish a cause of action, and the trial judge properly withheld the case from the jury. (*Fogg* v. *S. R. T. Co.*, 90 Hun, 274; *Mohney* v. *Reed*, 40 Mo. App. 99; *Logan* v. *C. G. Co.*, 107 App. Div. 384.)

Willard Bartlett, J. This is an action on a contract whereby the plaintiff undertook to construct and install for the defendant at Texarkana, Texas, a system of electric interlocking railroad signals for $16,650, which was not to be paid, however, unless the plant should be accepted by the railroad commission of Texas. The plaintiff did not aver or prove such acceptance but, nevertheless, claimed to recover the stipulated compensation on the ground that the failure of the railroad commission to approve the device was due solely to the omission of the defendant to make certain additions and improvements to the plant and its railroad in connection therewith, which the commission required, and which it was the duty of the defendant and not of the plaintiff to make. The trial court, however, held that proof of approval by the railroad commission was essential to the maintenance of the action, and directed a verdict in favor of the defendant. The judgment entered upon the verdict thus directed has been affirmed by the Appellate Division.

I think there was evidence in behalf of the plaintiff corporation which tended to support the allegations of the complaint and entitled the plaintiff to have the issues submitted to the jury. By a special order, dated July 7, 1904, the railroad commission of Texas approved the plaintiff's interlocking device at Texarkana temporarily " until not after October, 1904," and ordered the companies, " party to this device," to obey eight requirements specified in such special order. Only three of these requirements (the first three) related to the construction or installation of the device, or were matters falling within the scope of the contract between the plaintiff and the defendant. Two experts in electrical construction called as witnesses in behalf of the plaintiff testified that all the work

covered by these first three requirements of the special order of July 7, 1904, was seasonably done. "The 4th, 5th, 6th, 7th and 8th provisions of the requirements of the order," continued one of these witnesses, "did not form a part of the plant installed by us, and had nothing to do with it. They were things that had to do purely with the railroad company."

This evidence supported the allegations of paragraph X of the complaint, which were that "the failure of said Railroad Commission to finally approve of this plant and all the work of the plaintiff is not due to any default, neglect or omission on the part of the said plaintiff, or to any failure of plaintiff to comply with the provisions of said contract, or to any failure on the part of said plaintiff to furnish proper appliances, labor and material in the erection of said plant, but *was wholly due to the default, neglect and omission on behalf of the said defendant, as hereinbefore set forth.*" The defendant could not insist upon the forfeiture of the purchase price provided for in the contract, if the railroad commission's non-acceptance of the device was simply and solely because of the railroad company's non-compliance with requirements concerning matters unconnected with the construction and installation of the device and not covered by the contract. Taking all the evidence together it would have permitted a jury to infer that the Texas railroad commission was satisfied with the plaintiff's electric interlocking signal device at Texarkana but withheld its approval thereof for the reason that the Texas and Pacific Railway Company did not make additions thereto and comply with certain specified details for managing the same which the commission deemed essential. The words "accepted by the Railroad Commission of Texas" in the contract are equivalent to "approved by" or "acceptable to" the commission; and if the commission was content with the device so far as the plaintiff had anything to do with constructing or installing the same, the refusal to accept it formally for reasons relating to the conduct of the railroad company alone could not stand in the way of the plaintiff's right to payment. Such was the state of facts which might

have been found by the jury, and they should have been allowed to determine whether it existed or not.

The question was fairly raised by the plaintiff's exception to the direction of a verdict.   It is true that counsel for the plaintiff subsequently asked to be allowed to go to the jury upon two other specific questions of fact, on grounds which were not tenable; but this request did not destroy his right to insist, as he does here, that he was entitled to the submission of such other issues as the case might present.   A plaintiff in bringing his action thereby asks to go to the jury on any and every issue of fact which may arise upon the complaint and answer; and the specification by counsel of some issues which occur to him at the moment as especially proper to be submitted, when he perceives that the court is about to direct a verdict against him, does not constitute a waiver of his right to go to the jury upon every other issue of fact which is really in the case. (See *Stone* v. *Flower*, 47 N. Y. 566; *Trustees of Easthampton* v. *Kirk*, 68 N. Y. 459, 464; *First National Bank of Springfield* v. *Dana*, 79 N. Y. 108, 116.)   I think that the issue which has been discussed was fairly presented by the evidence to which I have referred, and, therefore, that the learned trial judge erred in directing a verdict for the defendant.   This entitles the plaintiff to a reversal.

The judgment should be reversed and new trial granted, costs to abide the event.

Cullen, Ch. J., Gray, Haight, Vann, Hiscock and Collin, JJ., concur.

Judgment reversed, etc.