CLEMENCE P. WAGNER, Appellant, v. G. GAUDIG & BLUM COR-PORATION, Respondent.

First Department, March 30, 1928.

Master and servant — contract of employment — construction — plaintiff's husband agreed to work for defendant exclusively at stipulated salary plus bonus — agreement also contained provision that husband would procure life insurance, premiums to be paid by defendant which was beneficiary — payment of interest on proceeds was to be made to plaintiff — business relations between husband and defendant were discontinued — two parts of contract were independent — action for interest on proceeds of policy — complaint — not necessary to allege that husband performed his contract in reference to personal services — agreement is not illegal.

The plaintiff's husband entered into a contract with the defendant whereby he agreed to work exclusively for the defendant at a stipulated salary and additional compensation based upon net profits. The contract also contained a provision whereby the husband agreed to apply for and take out life insurance in the sum of $50,000. The annual premium was to be paid by the defendant which

was named as the beneficiary and the agreement provided that the defendant after deducting all premiums without interest might set apart twenty-five per cent of the net proceeds to establish a trust fund specified in the agreement and might retain the balance for a period not to exceed twenty years.  During said twenty years the defendant agreed to pay annually to the plaintiff a sum equal to seven per cent of the balance in equal quarterly installments and to pay the balance to the plaintiff at the end of twenty years or at an earlier period at the election of the defendant.  The business relations between the plaintiff's husband and the defendant were terminated.

The complaint alleges that the plaintiff's husband applied for the insurance and that the defendant paid the annual premiums until his death; that the defendant collected the face of the policy but has refused to pay plaintiff the quarterly interest on the proceeds as agreed.

It was not necessary for the plaintiff to allege that her husband duly performed that portion of the contract in reference to personal services for the two portions of the contract are separate and independent and the failure of the plaintiff's husband to fully perform the personal service part of the contract is not a defense available to the defendant in this action.

This construction of the contract is sustained by the practical construction thereof by the defendant, since it appears that the defendant did make certain quarterly interest payments according to the terms of the agreement after the death of the plaintiff's husband.  Defendant thereby treated the contract as severable and the insurance covenant as independent.

If plaintiff's husband breached his contract for the performance of personal services the defendant's remedy in this action is by way of a counterclaim.

The agreement entered into in reference to the insurance is not illegal as a violation of the law against wagering contracts, for the policy was taken out by the plaintiff's husband himself and he had an insurable interest in his own life and, furthermore, while the defendant paid the premiums, from a practical standpoint the premiums were actually paid by the plaintiff's husband since under the agreement they were deducted from the proceeds of the policy.  Furthermore, plaintiff's husband agreed to work exclusively for the defendant for one year and the defendant had an insurable interest in his life.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 26th day of July, 1927.

*Henry C. Burnstine* of counsel [*Emanuel J. Freiberg* with him on the brief; *Burnstine & Geist,* attorneys], for the appellant.

*Otto C. Sommerich* of counsel [*Maxwell C. Katz* with him on the brief; *Katz & Sommerich,* attorneys], for the respondent.

O'MALLEY, J.  We are here concerned with the sufficiency of a complaint.  It is based upon a written agreement, the interpretation of which presents the issue to be decided.  The precise question is whether certain of its covenants are dependent or independent, and whether the contract is divisible and severable or whole and entire.

The agreement was made January 1, 1924, between the defendant

and Charles F. Wagner, plaintiff's husband. It recited that, " For valuable consideration by each of the parties to the other in hand paid, the receipt whereof is hereby acknowledged," the defendant agreed to and did employ Wagner, and the latter agreed to and did accept employment from the defendant as assistant general manager, commencing January 1, 1924, for a period of one year. Wagner agreed during the term of the contract not to accept employment from or work for or be interested in the business of any other person, firm or corporation, and the defendant was to be entitled to his sole and exclusive services. It agreed to pay him and he agreed to accept " as compensation for said services," $15,000 per annum, payable monthly, and an additional compensation based upon net profits. In the event of his death prior to the expiration of the contract, the amount of the additional compensation or bonus was to be prorated.

The agreement contained further provisions prefaced by the preamble, that " Whereas it is deemed mutually advantageous to the parties hereto, that this company shall take out a policy of insurance upon the life of the said Wagner," it was agreed that Wagner would apply " forthwith " for and take out insurance in the sum of $50,000 upon his life. The annual premium was to be paid by the defendant, and Wagner agreed to have the proceeds paid to it. Such proceeds were subject to disposal in various ways, at the option of the defendant. The one pertinent to this appeal was to the effect that the defendant might, after deducting the amount of all premiums paid on account of the policy without interest, set apart twenty-five per cent of the net proceeds as a special fund to be known as the Dodel Insurance Fund, and that the balance might be retained by the defendant for a period not to exceed twenty years. During such time the defendant agreed to pay annually to the plaintiff, the wife of Wagner, a sum equal to seven per cent of said balance in equal quarterly installments, and at the expiration of said twenty years, or some earlier period, at the election of the defendant, to pay the net balance to the plaintiff. It was provided that the defendant should have the right to exercise certain privileges in respect to borrowing upon the policy, the reduction of the amount thereof, the surrender of it for a paid-up policy, etc., " though the business relations between the said company and the said Wagner be discontinued, whether during the term of this agreement or any renewal or extension thereof, or during the term of any other agreement." Wagner further obligated himself, at the instance of the defendant, to arrange that the policy should provide that it would not be subject to change of beneficiary.

The complaint alleges that pursuant to the provisions of the contract, the plaintiff's husband forthwith applied for and took out insurance, and that the defendant paid the annual premiums during the life of Wagner, who died December 20, 1925. It is also alleged that the defendant collected and received the proceeds of the policy, has allocated them according to the provisions of the contract, as hereinbefore detailed, and, though demanded, full payment of the quarterly interest to the plaintiff has been refused. Judgment for the balance of said interest is prayed for.

The complaint was dismissed upon the ground that it failed to allege that Wagner had duly performed that portion of the contract requiring the rendition of personal services during the life of the contract. Whether such an allegation was essential is dependent upon whether the contract is divisible and severable, or whole and entire, and whether the promises and covenants relating to the performance of the personal services and those relating to the procurement of the policy of life insurance and the disposition of the proceeds, are dependent or independent.

We are here concerned with a question of pleading merely. It is elementary that the plaintiff is entitled to every fair intendment. Whether the covenants are to be held dependent or independent is to be determined by the expressed intention of the parties and by the application of common sense to the particular case submitted. (*Rosenthal P. Co.* v. *Nat. Folding B. & P. Co.,* 226 N. Y. 313, 320.)

"A contract is entire when the parties intend that the promise by one party is conditional upon entire performance of his part of the contract by the other party. The contract is said to be severable when the part to be performed by one party consists of several distinct and separate items, and the price to be paid by the other is apportioned to each item or is left to be implied by law. * * *

"Whether a contract is entire or to be taken distributively is often a question of intention and frequently one of fact." (*Ming* v. *Corbin,* 142 N. Y. 334, 340; *Portfolio* v. *Rubin,* 233 id. 439, 444, 445.)

Both the form of this contract and its substance as expressed by the parties lead to the conclusion that it was the intention that the contract with respect to the performance of services and the obtaining of insurance should be divisible and severable, and that the promises and covenants relating thereto should be independent and not dependent. In form the contract consists basically of two agreements, the written evidence of which is incorporated in

one instrument. Either portion of the contract taken alone would constitute a full and complete agreement.

With respect to the substance, the parties agreed that the specified remuneration, together with the bonus, should be consideration for the services to be rendered. So far as concerns the policy of life insurance, the parties exchanged mutual promises. Upon the procurement of the insurance by Wagner, his portion of this part of the agreement became executed. He had furnished, and the defendant had accepted, his performance as the consideration for the latter's promise to apply the proceeds in the manner indicated. The parties thus specifically apportioned the considerations.

It is to be observed, too, that the parties further provided that the defendant could exercise certain stipulated optional provisions relating to the policy of insurance, " though the business relations between the said company and the said Wagner be discontinued, whether during the term of this agreement or any renewal or extension thereof, or during the term of any other agreement." By such provision the parties gave further evidence of their intention that the insurance provisions of the contract were not to be contingent or dependent upon those relating to personal services.

Moreover, the construction placed upon the contract by the defendant itself tends to support the view that the agreement was severable and the covenants independent. Certain payments have been made by the defendant on account of quarterly interest payments. These must have been made after the death of Wagner and after the time during which he could be held to perform. By thus treating the contract as severable and the covenant as independent, the defendant has by its own construction made the agreement severable. (*Winne* v. *McDonald,* 39 N. Y. 233; *Avery* v. *Willson,* 81 id. 341; *Ming* v. *Corbin, supra; Brady* v. *Cassidy,* 145 N. Y. 171.)

The intention of the parties, as expressed, and the practical construction placed upon the contract by the defendant itself, lead to the conclusion that the contract was severable and the covenants independent. If Wagner has breached the provisions which called for the rendition of personal services, the defendant's remedy, so far as the complaint is concerned, lies by way of setoff or counterclaim in recoupment. (*Ming* v. *Corbin, supra.*)

We think the case is clearly distinguishable from *Alexander* v. *Equitable Life Assurance Society* (233 N. Y. 300, 304), relied upon by the respondent. In that case the promise to pay an annuity was specifically stated to be " in consideration of the services rendered and to be rendered " by the employee. Here,

as already pointed out, Wagner was to receive a certain stipulated sum, together with a possible bonus " as compensation " for his services.

Nor is the agreement illegal or void as contravening restrictions against wagering contracts. In the first place, the policy was taken out, not by the defendant, but by Wagner. Clearly he had an insurable interest in his own life. In addition, as a practical matter, he paid the premiums. It is true that in the first instance they were paid by the defendant, but their amount was to be deducted from the proceeds. Moreover, by the contract Wagner had obligated himself to work at least one year for the defendant and for none other. He was its employee and it could specifically enforce such employment by a restraining order, if not by a mandatory injunction. The defendant, therefore, had an insurable interest in its employee's life. Moreover, this objection is one more properly to be raised by the insurance carrier than by the defendant. Such was the situation, and a further distinguishing feature, in *Alexander* v. *Equitable Life Assurance Society* (*supra*). Here the carrier has paid the proceeds to the defendant. The latter may not, therefore, accept and enjoy the fruits of the contract and, at the same time, free itself from its obligations with respect to the disposition of the proceeds on the ground of illegality.

Additional facts by way of possible defenses, setoffs or counterclaims do not now concern us. We hold merely that the complaint as framed states a good cause of action.

Our conclusion is, therefore, that it was not incumbent upon the plaintiff to allege in the first instance performance on the part of her husband with respect to the personal services to be rendered.

It follows, therefore, that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days after service of a copy of the order entered hereon, upon payment of said costs.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements to appellant, and motion denied, with ten dollars costs, with leave to defendant to answer within twenty days from service of order with notice of entry thereof upon payment of said costs.