David S. Ludlum, as Trustee in Bankruptcy of Music Master Corporation, Bankrupt, Appellant, v. Stark B. Ferriss, as Receiver of Ware Radio Corporation, Respondent.

First Department, June 15, 1928.

*Tracy S. Voorhees,* for the appellant.

*Francis G. Caffey* of counsel [*Bouvier, Caffey & Beale,* attorneys], for the respondent.

O'MALLEY, J. The complaint seeks to set aside an alleged preferential payment made by the Music Master Corporation to the defendant within four months of an adjudication in bankruptcy. The payment involved is a transfer pursuant to written agreement of some 2,545 Ware radio receiving sets between December 31, 1925, and March 4, 1926. The complaint is clearly sufficient within the provisions of section 60 of the Bankruptcy Act (U. S. Code, tit. 11, § 96).▮

The first and third defenses interposed in the answer by way of confession and avoidance are admittedly similar in character. They are both to the effect that by the acceptance and retention by the plaintiff trustee of a certain payment, he is estopped from

raising the question of a preferential payment. These defenses stand or fall together.

The admitted facts before us upon the complaint, answer and reply and those which for the purposes of this motion we must accept as true will be chronologically stated. On December 9, 1925, the Music Master Corporation was indebted to the Ware Radio Corporation on the latter's books in the sum of approximately $203,000. Before a contemplated adjustment could be carried out, the Ware Radio Corporation passed into the hands of the defendant receiver. On December 29, 1925, the defendant, with the approval of the court appointing him, agreed to accept 2,545 Ware radio sets in payment of the indebtedness of the Music Master Corporation in the sum mentioned. It was further agreed that pending the endeavor of the parties to have determined the exact amount of the indebtedness, the defendant would not seek or cause to be issued any warrant of attachment on the property of the Music Master Corporation. This agreement was finally consummated and it is this transfer of these particular radio sets which the complaint seeks to have set aside as a preferential payment.

By another writing between the Music Master Corporation and the defendant under date of January 23, 1926, the former agreed to sell to the defendant receiver all of the *remaining* radio sets that it might have on hand. The defendant receiver was given an option to pay for all or part of such *remaining* sets by cash or by the delivery of receiver's certificates. Under date of February 24, 1926, by a third writing between the parties the defendant claimed and was allowed a credit of some $5,000. The defendant receiver paid for the *remaining* sets by a cash payment of some $45,000, together with his certificate for $10,000 additional, payable in three months. Before this receiver's certificate became due, the Music Master Corporation was itself adjudicated a bankrupt. The plaintiff was appointed receiver. As such he received the payment of defendant receiver's certificates and upon the plaintiff's appointment as trustee, with full knowledge of the facts, he retained the $10,000 so paid by the defendant. It is this payment and its retention with knowledge of the facts by the plaintiff, set up in the defenses referred to, and admitted by the reply, that it claimed to have established an estoppel.

It is conceded that transfers of property by a bankrupt within the statutory period made for past consideration are voidable, while those made for a present adequate and fair consideration must stand. It is further conceded that the interpretation of the writings evidencing the agreement or agreements between the parties is for the court.

We are of the opinion that from the writings between the parties there were here separate and distinct contracts. One related to the transaction whereby the book indebtedness of the Music Master Corporation to the Ware Radio Corporation was to be paid by the transfer of 2,545 sets; the second concerned itself with the purchase by the defendant from the Music Master Corporation of all of the *remaining* sets. Under this construction the defenses in question are clearly inadequate. The transfer was made for a past consideration. Assuming, but not conceding that the waiver by the defendant of an alleged right to secure an attachment was part of the consideration for the transfer, it is to be noted that if the allegations of the complaint are true, such consideration has failed. Not only the transfer but also the contract was made within the four months' period and any attachment obtained during such period would likewise have been voidable. (U. S. Code, tit. 11, § 107, subd. f.)

While the defendant maintains upon this appeal that but one agreement was made between the parties, it is to be noted that the writings themselves and the communications coming from the defendant all speak of " contracts " and he refers to " contracts " made on the dates above noted. Moreover, in his answer, while stating that all the facts noted were " parts of a single negotiation and transaction," he repeatedly pleads that separate " contracts " were made. By his own construction the defendant is bound to the conclusion that separate contracts were made. And even assuming the making of but one contract, the covenants were independent and the contract divisible and severable. (*Wagner* v. *Gaudig & Blum Corporation*, 223 App. Div. 254.) The result remains unchanged. Transfers made in part for present consideration and in part for past consideration are good only *pro tanto*. (4 Remington Bankruptcy [3d ed.], § 1712.) Here, there is no difficulty respecting the apportioning of the consideration, for such has been accomplished by the parties themselves.

The plaintiff in accepting and retaining the payment of defendant receiver's certificate, did not estop himself, therefore, from asserting that the transfer of the first 2,545 Ware radio sets constituted a preference. The payment so accepted and retained related not to the transfer of these 2,545 Ware radio sets, but to the transfer of the *remaining* radio sets made for a present, and we must assume, fair and adequate consideration.

It follows, therefore, that the order and judgment entered thereon should be reversed, with costs to the appellant, and the motion

of the plaintiff to strike out the first and third defenses be granted and defendant's motion for judgment on the pleadings be denied, with ten dollars costs to the appellant.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

Judgment and order reversed, with costs, the motion of the plaintiff to strike out the first and third defenses set forth in paragraphs VI, VII and VIII of the amended answer granted, and defendant's motion for judgment on the pleadings denied, with ten dollars costs to the plaintiff.