## (December 23, 1965)

■ SAUL H. ALDERMAN et al., Respondents, v. CENTRAL NEW YORK ARTERIAL MARKETS, INC., Appellant.— REYNOLDS, J. Appeal from an order of the Supreme Court, Cortland County, granting specific performance of a contract to convey land. Involved is a portion of the Cortland Shopping Center presently occupied by an A & P Supermarket. We agree with the determination by the court below that the contract, with respect to the sale of the real property, is sufficiently definite to satisfy the Statute of Frauds (General Obligations Law, § 5–703, subd. 2). Incorporation by reference of another writing is permissible (*Barber* v. *Stewart*, 275 App. Div. 429) and parol evidence may be utilized to make land descriptions more certain (*Balkum* v. *Marino*, 299 N. Y. 590) or supply a metes and bounds description (*Coleman* v. *Manhattan Beach Improvement Co.*, 94 N. Y. 229; *Malin* v. *Ward*, 21 A D 2d 926). Similarly we concur with the holding of the court below that the agreement to enter a management contract with respect to the property was unenforcible and further that such agreement was separable from the contract of sale of the real property. Material elements of the management contract were clearly left for future determination, and thus there being no more than a mere agreement to agree the agreement was void for indefiniteness (*Willmott* v. *Giarraputo*, 5 N Y 2d 250; *St. Regis Paper Co.* v. *Hubbs & Hastings Paper Co.*, 235 N. Y. 30). Similarly the management contract and the contract to convey the land were separate and, therefore, severable agreements (see *Hart* v. *City of New York*, 201 N. Y. 45), especially since they were not expressly made dependent one on the other (*Wagner* v. *Gaudig & Blum Corp.*, 223 App. Div. 254). Nevertheless, despite our concurrence, as noted above, with the holdings of the court below, we are constrained to reverse its order and deny specific performance on the ground that the American Stores Company has never given its approval to the sale, a factor not discussed in its decision by the court below. The contract which is sought to be here enforced specifically requires as a condition precedent to closing that the terms of the contract be approved by the American Stores Company. Since this issue was effectively raised by appellant's answer, the burden is on the respondent to establish compliance (CPLR 3015, subd. [a]; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3015.04). The present record indicates clearly that approval by the American Stores Company was not, in fact, obtained, and there is not here present sufficient evidence for us to conclude that failure to secure such approval was due to appellant's action (see *Pneumatic Signal Co.* v. *Texas & Pacific Ry. Co.*, 200 N. Y. 125). Respondents urge that the provision in the purchase order providing for approval by American Stores Company was solely for its benefit and thus does not provide a defense to this action. While this argument might have some efficacy if the approval clause were contained in a separate contract (*Bidwell* v. *Long*, 14 A D 2d 168), such is not the case here where it is an integral part of the agreement seeking to be enforced (*Wilhelm* v. *Wood*, 151 App. Div. 42; *Wagner* v. *Zonghetti Constr. Corp.*, 115 N. Y. S. 2d 410; 81 C. J. S. 2d, Specific Performance, § 16, subd. [b]; 1 Williston, Contracts [3d ed.], § 77, p. 253; 6 New York Law, Contracts, § 264, p. 126). Order reversed, on the law and the

facts, and complaint dismissed, without costs. Herlihy, J. P., Taylor, Aulisi and Hamm, JJ., concur.