■ CHAIN LOCATIONS OF AMERICA, INC., Appellant, v T.I.M.E.-DC, INC., Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered January 12, 1981 in Albany County, upon a decision of the court at a Trial Term, without a jury. On August 15, 1980, plaintiff sent to defendant's real estate agent, Picotte Real Estate, Inc. (hereinafter Picotte), a written offer to purchase for $425,000 defendant's land and the building situated thereon at 1863 Central Avenue in Colonie, New York. A $20,000 deposit accompanied the offer which specifically provided that the money was to be refunded if the offer was not accepted. By its express terms the offer further provided that it was not to be deemed a contract of purchase and sale of the subject property. Rather, it provided that a contract would be prepared if defendant accepted the offer. Subsequently, on September 2, 1980, defendant sent a letter to Picotte agreeing to accept plaintiff's offer under certain express conditions, to wit: that plaintiff accept the property "as is — where is", that plaintiff prepare an offer in contract form which would be subject to the approval of defendant's "legal authorities" and that plaintiff resolve the contingencies in its offer by December 31, 1980 or else the $20,000 deposit would be forfeited and paid to defendant. In response, on September 23, 1980, plaintiff sent to defendant an executed contract of purchase and sale containing a rider which provided, *inter alia,* that plaintiff would accept the property in an "as is" condition and that the $20,000 deposit would be returned to plaintiff if the contingencies could not be resolved by December 20, 1980 and plaintiff elected to cancel the contract. By letter dated October 3, 1980, defendant rejected the proffered contract because it was not in accord with the parties' negotiated agreement, had too many unacceptable

nonpenalty contingencies and effectively gave plaintiff a three-month option to buy the property without charge. On October 6, 1980, defendant entered into a contract to sell the realty in question to a third party for $430,000. That same day defendant asked Picotte to return the $20,000 deposit to plaintiff, and Picotte complied with this request. With these circumstances prevailing on October 10, 1980, plaintiff again mailed the September 23, 1980 contract to defendant together with checks for $22,500 and $100,000, after first crossing out all contingencies contained in the contract and re-executing the agreement. Defendant promptly returned the checks to plaintiff and sent plaintiff a telegram informing it that the contract could not be accepted. As a result, there ensued the present action wherein plaintiff alleges breach of contract and misrepresentation by defendant and seeks specific performance and money damages. Following a nonjury trial, the court dismissed the breach of contract causes of action, severed the action in misrepresentation and canceled a notice of pendency which plaintiff had filed against the subject property. This appeal followed. Upon our examination of the record, we conclude that a contract was never formed between the parties, and, therefore, the dismissal of the contract actions was proper and should not be disturbed. While plaintiff maintains that an enforceable contract resulted from defendant's alleged acceptance, in its September 2, 1980 letter, of plaintiff's offer of August 15, 1980, it is evident from the facts, as set forth above, that defendant's acceptance was conditional and consequently not a binding acceptance of the offer. The subsequent dealings of the parties similarly consisted of a series of counteroffers which were never unconditionally accepted. This being the case, there was never a meeting of the minds so as to effectuate a binding contract. Under these circumstances, once defendant had contracted to sell the property to a third party, it had no choice but to reject plaintiff's later unconditional offer and to inform plaintiff that the proffered contract could not be accepted (cf. *Alderman v Central N.Y. Arterial Markets,* 24 AD2d 1046; *Arnold v Gramercy Co.,* 30 Misc 2d 852, affd 15 AD2d 762, affd 12 NY2d 687). Judgment affirmed, with costs. Sweeney, J.P., Kane, Main, Mikoll and Herlihy, JJ., concur.