CHAIN LOCATIONS OF AMERICA, INC., Plaintiff, v T.I.M.E. — DC, INC., Defendant. (Action No. 1.)

T.I.M.E. — DC, INC., Respondent, v CHAIN LOCATIONS OF AMERICA, INC., Appellant. (Action No. 2.)

Third Department, February 2, 1984

APPEARANCES OF COUNSEL

*Alfred C. Polidore* (*Patrick M. Reilly* of counsel), for appellant.

*Hesson, Ford, Sherwood & Whalen* (*H. Neal Conolly* of counsel), for respondent.

OPINION OF THE COURT

MAIN, J.

The facts underlying the present controversy involve a dispute over a contract to purchase property in the Town of Colonie, Albany County, and are set out in our prior decision in action No. 1 (81 AD2d 993). As noted therein, Trial Term dismissed the breach of contract causes of action asserted by Chain Locations of America, Inc.

(Chain), and canceled a notice of pendency which Chain had filed against the subject property. We then granted Chain a stay of the cancellation conditioned on, *inter alia,* its filing an undertaking in the amount of $25,000, which was done. Thereafter, we affirmed Trial Term's judgment, including the cancellation of the notice of pendency (81 AD2d 993, *supra*). T.I.M.E. — DC, Inc. (TIME), then sought, on motion to this court, an increase in the amount of the undertaking and an assessment of damages. We denied the motions, however, noting that the damages had to be ascertained in a separate action on the undertaking (89 AD2d 669). TIME commenced an action (action No. 2) alleging, in its first cause of action, damages occasioned by the filing and the continuation after cancellation by the trial court of the notice of pendency and, in its second cause of action, abuse of process. TIME then moved for partial summary judgment on the first cause of action and severance of the second cause of action. Chain cross-moved for partial summary judgment dismissing the first cause of action on the ground that it failed to state a cause of action. Special Term denied Chain's cross motion and granted partial summary judgment to TIME on its first cause of action to the extent that TIME could proceed to recover such damages as it sustained by reason of the continuation of the notice of pendency beyond the time said notice would have expired pursuant to Trial Term's judgment. Special Term further transferred the matter to Trial Term for a determination of damages and denied the remainder of TIME's motion. This appeal by Chain ensued.

Chain's contention that the mere filing of a notice of pendency is not an actionable wrong, but must be malicious to give rise to a cause of action, is an accurate statement of law; as an argument herein, however, it apparently is advanced through a misconception of Special Term's determination. The partial summary judgment as granted by Special Term related only to damage alleged to have arisen from the continuation of the notice of pendency pending appeal and, as such, is consistent with the following principles: that a party, unless acting maliciously cannot be liable for filing (as opposed to continuing) a notice of pendency (*Chappelle v Gross,* 26 AD2d 340), an

act permitted by statute (CPLR 6501); that a party can avoid cancellation of the notice of pendency if he is "willing to post security in a sum sufficient to indemnify [the opposing party] against any damages he may sustain if the notice [is] not cancelled" (7A Weinstein-Korn-Miller, NY Civ Prac, par 6515.05, p 65-81); and that "[*l*]*iability on the undertaking is absolute* where the provisional remedy is vacated on the ground that the plaintiff was not entitled to it or *where the defendant is successful in the action*" (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 6001:5, pp 3-4; emphasis added). Because TIME prevailed on the appeal in action No. 1, during which the stay of the cancellation of the notice of pendency was granted conditioned upon Chain's giving of an undertaking, Chain's liability on the undertaking for damages resulting from the continuation (as opposed to the filing) of the notice of pendency is absolute; it remains, as Special Term recognized in transferring the matter to Trial Term, to determine the extent of damages from such continuation. To be distinguished are any damages sustained by TIME due to the filing (as opposed to the continuation) of the notice of pendency, which must await proof that the filing was done maliciously (*Chappelle v Gross, supra*).

Regarding Chain's other claims of error, we conclude that they are either without merit or unnecessary to address in light of our disposition herein.

The order should be affirmed, with costs.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and WEISS, JJ., concur.

Order affirmed, with costs.