**Frank J. ESPOSITO, Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, et al.,**
**Defendants.**

**No. 85 Civ. 0316.**

United States District Court,
E.D. New York.

Sept. 23, 1986.

Neil J. Abelson, Port Jefferson, N.Y., for plaintiff.

Ira L. Hyams, P.C., Jericho, N.Y., for defendants.

**MEMORANDUM AND ORDER**

GLASSER, District Judge:

In a Memorandum and Order dated May 20, 1986, this Court granted defendant's motion to require plaintiff to post a bond in order to avoid cancellation of a notice of pendency that plaintiff had filed with respect to defendant's property.[1] The Court

---

1. Plaintiff has suggested that the Court reconsider its holding that C.P.L.R. § 6515 allows a court to cancel a notice of pendency when a plaintiff is seeking specific performance. The Court adheres to its earlier ruling. The legislative history of § 6515, as reflected in the excerpt from the Law Revision Commission report quoted by the Court in its earlier decision, *id.* at 10, leaves no doubt that suits seeking specific performance are not excepted from the operation of the statute. Plaintiff's argument that the Court is bound to follow the law as stated by state courts located in New York's Second Department, where this Court is physically located, and not the law of the First Department, is not well founded. First, it is questionable whether the cases cited by plaintiff are still good law. *See, e.g., Weksler v. Yaffe,* 129 Misc.2d 633, 493 N.Y.S.2d 682 (Sup.Ct. Kings County 1985) (applying § 6515 in action seeking specific performance). Second, and more importantly, even if a conflict does exist, there is simply no rule of geographical uniformity of the sort suggested by plaintiff:

> In applying state law ..., each federal court ... functions as a proxy for the entire state court system, and therefore must apply the law that it conscientiously believes would have been applied in the state court system ... In other words, the federal court must determine issues of state law as it believes the highest court of the state would determine them ...

Wright, Miller & Cooper, *Federal Practice & Procedure,* § 4507, at 88–89 (1982) (footnote omitted).

directed the parties to confer with respect to the amount of the bond. Because the parties have failed to agree on this issue, it will now be decided by the Court.

■ The purpose of the bond required to be posted by plaintiff is to indemnify defendant against any damages he may sustain if the notice of pendency is not cancelled. *Chain Locations of America, Inc. v. T.I.M.E.—DC, Inc.,* 99 A.D.2d 111, 472 N.Y.S.2d 462, 464 (3rd Dept.1984). Plaintiff, claiming that the value of the land at issue has increased substantially in the past two years and predicting that the market will continue to rise, argues that defendant will not be damaged by the continuation of the notice of pendency. Thus, he suggests that no bond or one for a minimal amount should be required. This suggestion, as defendant points out, ignores the fact that as long as the notice of pendency prevents defendant from selling the property, it is required to pay the costs of maintaining the property and to pay real estate taxes, and it is deprived of the use of money it would have received as proceeds from the sale. On the basis of these potential damages, the Court holds that plaintiff should be required to post a bond in the amount of $200,000.

■ In a typical case, the party seeking to have the notice of pendency cancelled should be required to post a bond sufficient to satisfy whatever monetary damages it might be obligated to pay if it is ultimately unsuccessful at trial. In the case, as the Court stated in its earlier decision, *see id.* at n. 3, because defendant is a governmental entity, it will not be required to post any bond. However, the Court has determined that a fair amount for that bond would also have been $200,000.

Plaintiff is directed to post a bond in the amount of $200,000 within ten (10) days from the date of this order. If no bond is posted, the defendant may submit an appropriate order cancelling the notice of pendency.

SO ORDERED.