■ **D.B.C.G., INC., Respondent-Appellant, v TOWN OF RAMAPO et al., Appellants-Respondents.**—In a proceeding, *inter alia,* to recover damages arising from the appellants-respondents' refusal to issue a building permit, the parties cross-appeal, as limited by their briefs, on the grounds of excessiveness and inadequacy, respectively, from so much of a judgment of the Supreme Court, Rockland County (Coppola, J.), entered January 6, 1986, as awarded the petitioner the principal sum of $37,800, after a nonjury trial.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Under an agreement dated December 21, 1981, the petitioner landlord leased to the State of New York, as tenant, a certain premises located in the Town of Ramapo to be used as a residential facility for mentally disabled persons. The lease provided that the tenant would pay $96,000 for certain renovations which were to be made by the landlord. The term of the lease was for five years at an annual rental of $15,120, and the lease was made subject to the landlord obtaining the necessary building permit from the Town of Ramapo by January 31, 1982.

Following a lengthy delay and the ultimate denial of its application for the required building permit, the petitioner commenced this proceeding pursuant to CPLR article 78. In a memorandum decision and order dated November 7, 1984 (Reed, J.), the appellants-respondents were directed to issue the building permit, and a hearing was ordered on the issue of damages flowing from the wrongful failure to timely issue the permit. Thereafter, on November 14, 1984, the building on the premises was totally destroyed by fire.

Following a nonjury trial, the court denied the petitioner's request for recovery of the $96,000 which the petitioner would have obtained from the tenant under the lease to pay towards

the cost of the planned renovations. The court however awarded the petitioner the principal sum of $37,800 representing the loss of rental income during a period of 30 months, commencing from May 1982 which the court determined was the time the appellants-respondents should have issued the building permit, to November 1984, the time when the property was destroyed by fire. In holding in favor of the petitioner, the court rejected the appellants-respondents' contention that the award should be reduced by the sum of $20,269.60, which the petitioner received from the State for the period from August 1982 to October 1984 as an inducement to extend the terms of the lease.

On appeal, the appellants-respondents contend that the trial court erred in failing to reduce the award by the $20,269.60 received by the petitioner as an inducement to extend the agreement. We find, however, that the record supports the trial court's conclusion that "these monies did not represent rent payments", but were made in return for the petitioner's apparent oral agreement to remain ready to perform its obligations under the lease pending the issuance of the subject building permit. The appellants-respondents improperly seek to minimize their liability for the damages occasioned by their wrongful acts and thus benefit from the payments made by the State to the petitioner pursuant to a further agreement which was necessitated by their own delay.

We also find no merit to the contentions raised by the petitioner on its cross appeal that it is entitled to additional damages for (1) the loss of rental income over the full five-year term of the lease, and (2) the anticipated enhanced value of the premises in the sum of $96,000 which would have resulted had the proposed renovations been completed. As the property was destroyed by fire on November 14, 1984, at that point the lease was no longer viable and the trial court properly limited the petitioner's recovery of rental income to that date.

With respect to the petitioner's claim for $96,000, the record is devoid of any evidence to support the petitioner's claim that the planned renovations would have increased the value of the property. Accordingly, the trial court limited the award of damages to that which could be measured with a reasonable degree of certainty based upon the proof offered by the petitioner as to the pecuniary loss flowing from the appellants-respondents' wrongful actions (cf. Farrell Lines v City of New York, 30 NY2d 76). Niehoff, J. P., Rubin, Eiber and Kunzeman, JJ., concur.