■ CHARLES TUCKER, as Executor of the Estate of HENRY H. JACKSON, Deceased, Respondent, v MASHOMACK FISH AND GAME PRESERVE CLUB, INC., et al., Appellants, et al., Defendant. (And a Third-Party Action.) [606 NYS2d 79] —Mikoll, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Beisner, J.), entered February 21, 1992 in Dutchess County, which, upon reconsideration, partially granted plaintiff's motion to limit the proof of the issue of damages.

The question at issue is whether damages caused by the filing of a wrongful lis pendens can be reduced by offsetting the higher sale price realized by the seller of the land after the lis pendens was vacated than was to be realized under a prior proposed sale which was aborted by the lis pendens. Supreme Court granted plaintiff's motion *in limine* denying admission of the subsequent sale as a setoff but allowing its admission for the limited purpose of determining if any damages were incurred after the lis pendens was lifted.

The relevant facts are as follows. Defendants Mashomack Fish and Game Preserve Club, Inc. and Daniel Daly, president of Mashomack (hereinafter collectively referred to as the Mashomack defendants), sued the estate of Henry H. Jackson seeking specific performance of an agreement for sale of a piece of property known as the Jackson Farm. The Mashomack defendants filed a notice of pendency against the property. After Supreme Court dismissed the complaint in 1986, the Mashomack defendants appealed to the Second Department and moved to stay the cancellation of the notice of pendency and to enjoin sale of the property pending determination of the appeal. The motion was granted and a $100,000 undertaking was required to be posted for any loss or damage occasioned by the stay. The Second Department subsequently affirmed Supreme Court's order and judgment in May 1987 *(see, Mashomack Fish & Game Preserve Club v Estate of Jackson,* 130 AD2d 464).

Meanwhile, plaintiff received an offer from Patricia Corey and Allen Corey in August 1986 to purchase the property. The offer included a $200,000 down payment and a $400,000 mortgage at 10.9% interest. The sale was not effectuated because plaintiff could not deliver clear title due to the lis pendens. As a result of the aborted sale, plaintiff was forced to borrow money to pay estate expenses. After cancellation of

the notice of pendency, plaintiff refused to sell the property to the Coreys. The Coreys sued for specific performance, which action was dismissed by Surrogate's Court. The court found the contract not to be legally enforceable. Plaintiff subsequently sold a portion of the property to another party for a higher amount.

In October 1989 plaintiff commenced this action against all defendants for damages caused by the stay on appeal and against the Mashomack defendants for damages for the improper and malicious filing of a notice of pendency. Plaintiff sought to limit the evidence relating to the disposition of the property after cancellation of the notice of pendency as irrelevant and inadmissible. Supreme Court denied the motion as premature and allowed discovery to proceed as to the subsequent sale of the property. The motion was renewed and Supreme Court, on renewal, partially granted plaintiff's motion, finding that the subsequent sale of the property by plaintiff for a higher price than offered under the Coreys' proposed purchase was admissible for the limited purpose of showing that plaintiff suffered no damages after the removal of the notice of pendency or from any diminution in sale price, but was inadmissible as a setoff against damages sustained while the notice of pendency was in effect.

On this appeal, the Mashomack defendants argue that any damages suffered by plaintiff should be offset by the increase in the proceeds of the eventual sale of the property over the proceeds plaintiff would have received from the sale that plaintiff asserts was prevented by the Mashomack defendants filing a lis pendens. Plaintiff counters that defendants should not profit from their own wrongdoing in benefiting from the appreciation in sale price of the Jackson Farm.

We note prefatorily that plaintiff seeks damages incurred due to the lis pendens and reimbursement for the expenses pursuant to CPLR 6514 (c). These include taxes on the Jackson Farm and carrying charges on the property, the interest cost on money which plaintiff as executor had to borrow to pay taxes and the loss of interest on the funds derivable from the aborted sale to the Coreys.

We concur with Supreme Court's finding that defendants cannot minimize their liability for damages occasioned by their wrongful acts and benefit by the appreciation in sale price of the Jackson Farm (see, Riggs v Palmer, 115 NY 506, 511). As a matter of law, plaintiff is entitled to compensation for damages suffered by plaintiff during and because of the

continuation of the notice of pendency during the appeal *(see, Chain Locations of Am. v T.I.M.E.—DC,* 99 AD2d 111). Additionally, if the Mashomack defendants are found to have improperly or maliciously filed the notice of pendency, they would be liable for damages for the entire period the lis pendens was in effect *(see, supra,* at 112). This issue has not yet been determined.

Defendants' analogy of those damages that are compensable in the instant case to breach of contract principles misses the mark. Of more relevance to the instant circumstances is the adaptation of the concept of not benefiting from one's wrong which underlies the decision in *D.B.C.G., Inc. v Town of Ramapo* (125 AD2d 439), wherein the respondents were found liable for rents lost because of a wrongful failure to timely issue a building permit. Due to the time delay caused by the respondents, the petitioner extended a lease, thus realizing some money thereby. The respondents sought to offset the lost rents by the amount of this income. The court found that the respondents could not benefit from payments occasioned by their own wrongful act of delay. Likewise here, the lost benefits of the failed Corey offer cannot be offset by moneys realized in the eventual sale of the Jackson Farm.

Supreme Court correctly concluded that the Mashomack defendants are liable for damages suffered by plaintiff during, and because of, the continuation of the notice of pendency during appeal *(see, Chain Locations of Am. v T.I.M.E.—DC,* 99 AD2d 111, 113, *supra)* and that the subsequent sale of the Jackson Farm cannot be used as a setoff against the damages.

Weiss, P. J., Mercure, Cardona and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.