■ The Dermot Company, Inc., Appellant-Respondent, v 200 Haven Company et al., Respondents-Appellants. The Dermot

Company, Inc., Appellant-Respondent, v 200 Haven Company, Respondent-Appellant. [901 NYS2d 268]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered September 24, 2009, which granted defendants' cross motion for costs and fees incurred in defending the action and damages allegedly resulting from plaintiff's filing and continuation of a notice of pendency only to the extent of awarding reasonable attorney's fees, costs and expenses incurred in defending the action from the date of this Court's order of June 14, 2007 until the date of plaintiff's discontinuance of the action, provided that such fees shall not include fees in connection with defendant 200 Haven LLC's motion to amend its answer or the appeal from the court's denial of such motion, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered May 23, 2008, which denied plaintiff's motion to continue a preliminary injunction and granted defendant 200 Haven Company's cross motion to convert the preliminary injunction bond to a notice of pendency bond, unanimously dismissed, without costs, as academic.

The court did not abuse its discretion in directing plaintiff to pay defendants' attorney's fees (*see* CPLR 6514 [c]). While there was no showing that plaintiff had improperly or maliciously filed the notice of pendency or prosecuted the action in bad faith, the court properly held that plaintiff was nonetheless liable for costs based on its continuation of the notice of pendency (*see Chain Locations of Am. v T.I.M.E.-DC, Inc.*, 99 AD2d 111, 113 [1984]).

The court also properly held that defendants were not entitled to lost profits, inter alia, as such were not contemplated at the time the contracts were entered into and were not capable of measurement with reasonable certainty (*see Ashland Mgt. v Janien*, 82 NY2d 395, 403 [1993]). Plaintiff's argument that it should not have been required to post a notice of pendency bond under CPLR 6515 has been rendered academic by its discontinuance of the action with prejudice. Concur—Saxe, J.P., Friedman, Nardelli, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2009 NY Slip Op 32250(U).]**