Altair 18 Condominium v 42 W. 18th St. Realty Corp. (2021 NY Slip Op 00078)





Altair 18 Condominium v 42 W. 18th St. Realty Corp.


2021 NY Slip Op 00078


Decided on January 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 07, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Moulton, González, Scarpulla, JJ. 


Index No. 155810/16 Appeal No. 12806 Case No. 2020-02837 

[*1]Altair 18 Condominium, Plaintiff-Appellant,
v
42 West 18th Street Realty Corp., Defendant-Respondent.


Herrick, Feinstein LLP, New York (Janice I. Goldberg of counsel), for appellant.
Carter Ledyard & Milburn LLP, New York (Alan S. Lewis of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered January 6, 2020, which denied plaintiff's motion to extend the notice of pendency and granted defendant's cross motion for summary judgment dismissing the complaint, to cancel the notice of pendency and for an award of attorneys' fees and costs, unanimously affirmed, without costs.
Plaintiff failed to establish its entitlement to a prescriptive easement by clear and convincing evidence, as the presumption of hostility does not arise where, as here, the use is not exclusive (see Amalgamated Dwellings, Inc. v Hillman Hous. Corp., 33 AD3d 364 [1st Dept 2006]; Susquehanna Realty Corp. v Barth, 108 AD2d 909 [2d Dept 1985]). A letter sent by defendant to plaintiff demonstrates that defendant contemplated broad permissive use of the lot by the public and by plaintiff. Because the letter was sent before the 10-year period required for establishing a prescriptive easement accrued, and plaintiff had no evidence as to its predecessor-in-interest's earlier use, plaintiff failed to present evidence of the requisite hostility necessary to establish its entitlement to a prescriptive easement (see id. at 909-910; RPAPL 501, CPLR 212). Accordingly, there was no basis to continue the notice of pendency (see CPLR 6513).
Given the discretion the courts are afforded in awarding costs under CPLR 6514(c), the motion court did not abuse its discretion in awarding defendant its costs and attorneys' fees, even without evidence that plaintiff acted in bad faith (see Knopf v Sanford, 132 AD3d 416, 418 [1st Dept 2015]; Dermot Co., Inc. v 200 Haven Co., 73 AD3d 653, 654 [1st Dept 2010]).
We have considered plaintiff's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2021