Board of Mgrs. of 334 E. 54th St. Condominium v 336 E. 54 St. Assoc. LLC (2021 NY Slip Op 05809)





 Board of Mgrs. of 334 E. 54th St. Condominium v 336 E. 54 St. Assoc. LLC


2021 NY Slip Op 05809


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Kern, J.P., Oing, Singh, Mendez, Higgitt, JJ. 


Index No. 157374/17 Appeal No. 14472 Case No. 2020-02088 

[*1]The Board of Managers of 334 East 54th Street Condominium, Plaintiff-Appellant,
v
336 East 54 Street Associates LLC, Defendant-Respondent, Michael Paul Enterprises LLC, Defendant.


Rich, Intelisano & Katz, LLP, New York (Steven C. Cramer of counsel), for appellant.
Pryor Cashman LLP, New York (Eric D. Sherman of counsel), for respondent.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered March 16, 2020, which granted the motion of defendant 336 East 54th Street Associates LLC to cancel the notice of pendency that plaintiff The Board of Managers of 334 East 54th Street Condominium filed against its property, and denied defendant's request for damages and attorneys' fees without prejudice to its right to renew its application, unanimously affirmed, with costs.
The court properly found that the notice of pendency was beyond the scope of CPLR 6501. The complaint does not seek removal of a portion of the shared party wall, but rather the Styrofoam faÇade finishing that was installed onto the surface of the wall. A notice of pendency is improper where "the party who has filed it claims no right, title or interest in or to the real estate against which it is filed, and where the suit concerns simply some encroachment or wrong perpetrated by defendants on plaintiff's land" (Braunston v Anchorage Woods, 10 NY2d 302, 305 [1961]). As the complaint's allegations do not bear on any restriction over the defendant's property, the notice of pendency was properly cancelled (5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 322 [1984]).
We recently upheld the vacatur of a notice of pendency where the plaintiff "claim[ed] no interest in defendant's land but merely [sought] to prevent defendants from committing a wrongful act against it" (801-803, LLC v 805 Ninth Ave. Realty Group, LLC, 188 AD3d 478 [1st Dept 2020]). We apply the same reasoning here.
As an alternate basis for affirmance, we find that the court was within its discretion in canceling the notice of pendency pursuant to CPLR 6514(b) as a result of plaintiff's failure to prosecute its claims. We also find that the court's decision to allow defendant to renew its motion for attorneys' fees and costs was proper (CPLR 6514[c]; see also Dermot Co., Inc. v 200 Haven Co., 73 AD3d 653, 654 [1st Dept 2010]).
We have considered the parties' remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021