■ In the Matter of the Claim of BENJAMIN LANDSMAN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board ruling claimant's benefit rate to be zero because he was receiving payments from a pension plan financed solely by his employer (Labor Law, § 600). There is no

real question here that claimant, 72 years old at the time he left employment, had retired (compare, *Matter of Guilfoyle* [*Dow Jones & Co.— Catherwood*], 36 A D 2d 108). Rather the issue is the nature of the benefits he is receiving from the employer. Briefly the record reveals that the employer inaugurated a pension plan when claimant was 65 years old and thus ineligible for coverage under the plan. However, the board of directors of the employer on the termination of his employment voted to pay him (or his wife if he died) $65 a week for three years because of his many years of faithful service. The board found that this payment was in lieu of his participation in the retirement plan and thus constituted pension or retirement payments and not severance payments as claimant asserted. We find no basis to disturb this determination. *Matter of Walker* [*Reader's Digest — Catherwood*] (28 A D 2d 256) is not factually apposite. Nor can we accept claimant's argument that the payments here involved did not require a reduction pursuant to section 600. Claimant's construction of the words "under a plan" is much too narrow considering the legislative intent of preventing "pensioner-claimant" windfalls in the enactment of section 600 (*Matter of Guilfoyle* [*Dow Jones & Co.— Catherwood*], *supra,* at 109–110; N. Y. State Legis. Annual, 1963, p. 370). In our opinion the board could properly find on the facts present in the instant case that section 600 was applicable, and, accordingly, its decision must be affirmed. Decision affirmed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.