■ In the Matter of the Claim of IRVING HAGER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board reducing appellant's benefit rate to zero pursuant to section 600 of the Labor Law because he received payment under a pension or retirement plan financed solely by his employer. Appellant, aged 76 and now living in Florida, worked as a traveling salesman for a men's clothing chain until November 28, 1971 when his employer forced him to retire. Upon this retirement appellant received from the employer's profit sharing plan a lump sum payment of $29,511. The employer alone had contributed to the plan. The board determined that, based on appellant's age of 76, the lump sum payment was the equivalent of a yearly payment of $3,963.14 and reduced appellant's benefits to zero pursuant to subdivision 3 of section 600 of the Labor Law. Appellant urged here solely that what he received was payment from the profit sharing plan and not a payment from a " pension or retirement plan " and thus section 600 is inapplicable. We cannot agree with this contention. Concededly, under the plan there would be no contributions made by the employer in years when the business showed no profit and appellant could have withdrawn some percentage of his portion of the fund prior to retirement but we do not feel that these characteristics of the plan preclude the board from finding that it was a " pension or retirement plan " within the meaning of the statute. Rather, the board could properly find on the instant record that payment from the plan, which was, in fact, denominated as a " retirement Trust (profit-sharing) ", met the statutory intent and that a reduction in benefits was, therefore, required (see *Matter of Guilfoyle* [*Dow Jones & Co.— Catherwood*], 36 A D 2d 108, affd. 30 N Y 2d 784; *Matter of Lipsky* [*Catherwood*], 37 A D 2d 1003; *Matter of Landsman* [*Levine*], 37 A D 2d 667). Decision affirmed, without costs. Herlihy, P. J., Staley, Jr., Main and Reynolds, JJ., concur; Cooke, J. dissents and votes to reverse in the following memorandum. Cooke, J. (dissenting) : I dissent and vote to reverse and remit the matter to the Unemployment Insurance Appeal Board for further development of the record. The issue here is whether the lump sum which claimant received was a pension or retirement payment. Claimant contends it was from a profit sharing plan. The designation of the plan as a "RETIREMENT TRUST (PROFIT-SHARING) " is itself ambiguous and the record does not contain the specifications of the plan. Claimant testified that not all employees were a part of the plan but rather only the key men, that he could have withdrawn a portion of the money put away each year, that in certain years in which the employer lost money deductions were made from the money previously reserved for him in the plan, and that in 1970 as much as $4,300 was taken out of

his profit sharing. Presently, there is insufficient in the record to permit a reasoned determination and review, particularly as to the terms and details of the plan, to the extent that the decision is not supported by substantial evidence.