■ In the Matter of the Claim of KENNETH SHERBELL, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Weiss, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 10, 1986, which reduced claimant's unemployment insurance benefits pursuant to Labor Law § 600 (7) (a). ˆ

Claimant's eight years of employment pursuant to written contracts was terminated because he and the employer were unable to agree on a new employment contract. The previous contracts contained a clause entitled "Retirement Benefits and Other Payments in Lieu of Severance Payment", under which the employer commenced payments of $400 monthly for claimant's life. Upon his death, payments were to continue at a reduced rate to claimant's wife. In reducing the unemployment insurance benefit rate by the $100 weekly payment pursuant to Labor Law § 600 (7) (a), the Unemployment Insurance Appeal Board held that the rate reduction was proper because the periodic payments were based upon previous work under a plan fully financed by the base-period employer and that it was immaterial that formal retirement was not the sole predicate of the payments. Claimant has appealed.

Claimant first argues that the contractual provision to pay him $400 monthly commencing August 1, 1985 was not a "plan" within the meaning of Labor Law § 600 (7) (a). We disagree. Claimant construed the statutory words "under a plan" to mean a formal plan covering all employees. This construction is much too narrow considering the legislative intent of preventing "pensioner-claimant" windfalls in the enactment of Labor Law § 600 (7) (a) (see, Matter of Landsman [Levine], 37 AD2d 667, 668). The Board could reasonably find the contractual provision to be a plan even absent a formal pension plan covering all employees (see, Matter of Hager [Levine], 42 AD2d 798).

Nor are we persuaded by the contention that Labor Law § 600 (7) (a) is inapplicable because claimant's employment and remuneration did not affect his eligibility for, or increase the amount of, the monthly payments. Indeed, the $400 monthly benefit remained unchanged by the amount of salary claimant earned. The Board found that the contract language clearly provided that the payments were an inducement made to claimant to continue to work and obligated him to perform services for the contract term (see, Alexander v Equitable Life

*Assur. Socy.,* 233 NY 300, 303-306). The provision for payments to be made was a dependent covenant in the contracts *(see, Wagner v Guadig & Blum Corp.,* 223 App Div 254). Eligibility was affected by employment as contemplated by Labor Law § 600 (7) (a). Substantial evidence supports this determination by the Board and it should remain undisturbed *(see, Matter of Shrager [Creative Faires—Roberts],* 92 AD2d 1011).

We also reject claimant's final argument that Labor Law § 600 (7) (a) applies only to those in retirement in order to prevent windfalls. In fact, in order to be eligible for benefits, a claimant must be in the labor force available for work. The statute is intended to apply to any claimant who is unemployed for any reason and who receives periodic payments from the base-period employer based on previous work, provided the employment or remuneration from such employer affects eligibility or increases the amount of such payment. Thus, the determination reducing the benefit rate by the amount of the monthly payment in the contract should be affirmed.

Decision affirmed, without costs. Main, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.