■ In the Matter of the Claim of VICTOR METROPOLSKI, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 29, 1986, which reduced claimant's unemployment insurance benefits pursuant to Labor Law § 600 (7).

Claimant worked for his employer for approximately 14 years until November 1985, when he elected to retire rather than be laid off. Although claimant was eligible for retirement when he reached age 65 in June 1984, he continued to work for 18 months. When claimant was notified that he was going to be laid off, he was permitted to choose between a layoff with severance pay or retirement with an extra five years of service time added, thereby increasing his monthly pension benefit rate. Claimant chose the retirement option.

Thereafter claimant applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board determined that claimant's benefit rate was subject to reduction because "claimant's employment * * * after the beginning of the base period * * * increased the amount of [his] pension" (Labor Law § 600 [7] [a]). This appeal by claimant ensued.

Claimant contends that the Board's ruling cannot be sus-

tained because the only increase in his pension during the base year was by virtue of the five years' added service credit, and that this was not due to his employment during the base period, but rather to his election of an option offered by the employer upon terminating his employment. The Commissioner of Labor argues that even accepting claimant's contention that his 18 months of employment after age 65 did not in itself increase his pension benefit rate, the Board could properly find a nexus between claimant's employment during the base period and the increase in his pension due to the five-year service credit bonus.

We agree with the Commissioner. There is sufficient evidence in the record to support a factual inference that claimant's employment was related to an increase in his pension entitlement. Clearly, had claimant not been employed during the base period, he would not have received the service credit bonus. Hence, the Board's decision is supported by substantial evidence *(see, Matter of Sherbell [Roberts],* 133 AD2d 892). We also conclude that the Board's decision reflects a rational interpretation of Labor Law § 600 (7) (a) *(see, supra).*

Decision affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.