◼ In the Matter of the Claim of HILARY L. WAGNER, Appellant. COMMISSIONER OF LABOR, Respondent. [788 NYS2d 246]—

Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 21, 2003, which ruled that claimant was ineligible for a trade readjustment allowance under the federal Trade Act of 1974.

Claimant worked as a production assembler for Valeo Electrical Systems, Inc., a producer of automobile components, at its plant in the City of Rochester, Monroe County, until June 28, 2002. As noted in our decision in *Matter of Burdick (Commissioner of Labor)* (14 AD3d 832 [2005] [decided herewith]), Valeo, which had filed for chapter 11 bankruptcy and was in the process of moving its compressor production operations to Mexico, offered its employees various separation incentive programs in an effort to voluntarily reduce the size of its labor force and, in so doing, reduce the need for or number of involuntary layoffs. To that end, claimant elected to participate in Valeo's voluntary

attrition program. Following her separation from employment, claimant applied for a trade readjustment allowance under the federal Trade Act of 1974 (19 USC § 2101 *et seq.*). The Unemployment Insurance Appeal Board denied claimant's application, finding that she was not separated from her employment due to a lack of work. This appeal by claimant ensued.

As in *Matter of Burdick (Commissioner of Labor)* (*supra*), the dispositive issue in this case is whether claimant was an "adversely affected worker" within the meaning of the federal Trade Act of 1974. An "adversely affected worker" is defined as "an individual who, because of lack of work in adversely affected employment [either] (A) has been totally or partially separated from such employment, or (B) has been totally separated from employment with the firm in a subdivision of which such adversely affected employment exists" (19 USC § 2319 [2]). Here, claimant testified that she was informed in March 2002 that her job would be eliminated, and that the last day to participate in the voluntary attrition program was June 28, 2002. Although claimant was not advised when her position would be eliminated and did not know how many people had elected to participate in the voluntary program, thereby reducing the number of involuntary layoffs necessary, there is nothing in the record to suggest that claimant possessed the requisite seniority or job skills to avoid being laid off. This is in stark contrast to the claimant in *Matter of Burdick (Commissioner of Labor)* (*supra*) who, because of his seniority and trade classification, was assured of continued employment with the company. Thus, inasmuch as claimant here had no choice but to either participate in the voluntary attrition program or forgo the severance package and face virtually certain layoff, we are of the view that claimant meets the statutory definition of an adversely affected worker and the Board's decision to the contrary was irrational. Accordingly, the Board's decision is reversed.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.