■ In the Matter of the Claim of ALBERT L. BURDICK, Appellant. COMMISSIONER OF LABOR, Respondent. [788 NYS2d 244]—

Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 18, 2003, which ruled that claimant was ineligible for a trade readjustment allowance under the federal Trade Act of 1974.

Claimant worked as a model builder for Valeo Electrical Systems, Inc., a producer of automotive components, at its plant in the City of Rochester, Monroe County, until November 1, 2002. Toward the end of claimant's employment, Valeo filed for chapter 11 bankruptcy, and its request to move its compressor production operations to Mexico was approved. This, in turn, resulted in the reopening of the collective bargaining agreement between Valeo and the union representing its employees. As part of the ensuing negotiations, Valeo offered its employees various separation incentive programs designed to voluntarily remove them from the labor force and, in so doing, reduce the need for or number of involuntary layoffs. Claimant elected to participate in a voluntary retirement incentive program and, as noted previously, worked until November 1, 2002 when his position was eliminated. Following his separation from employment, claimant applied for a trade readjustment allowance under the federal Trade Act of 1974 (19 USC § 2101 *et seq.*). Claimant's application was denied by the Unemployment Insurance Appeal Board upon the ground that his separation from employment was for a reason other than lack of work. This appeal by claimant ensued.

We affirm. Adversely affected workers covered under a United

States Department of Labor certification may be eligible to receive trade readjustment allowance program benefits (*see* 19 USC § 2291 [a]). An "adversely affected worker" is defined, in turn, as "an individual who, because of lack of work in adversely affected employment [either] (A) has been totally or partially separated from such employment, or (B) has been totally separated from employment with the firm in a subdivision of which such adversely affected employment exists" (19 USC § 2319 [2]). Here, Lisa Wiborg, Valeo's human resources manager, testified that the underlying agreement called for a reduction of 145 of the 242 skilled trades people. Wiborg further testified that claimant, who ranked 28th on this list, had sufficient seniority "that had he elected not to take the [incentive] program he would never [have] been one of [the 145] people" eliminated and, hence "his employment personally was not jeopardized." Indeed, Wiborg stated that the overall plan contemplated that some of Valeo's employees would remain with the company and that claimant would have been one of those individuals. Although claimant's precise position was eliminated, Wiborg testified that due to claimant's seniority, he would have been eligible for one of the remaining skilled trade positions. Although claimant testified that he was not in fact trained to perform any other job, that presented a factual issue for the Board to resolve. In light of such testimony, the Board's decision that claimant was not eligible for trade readjustment benefits was rational (*see Matter of Buono [Sweeney]*, 241 AD2d 608 [1997]; *Matter of Goldman [Sweeney]*, 233 AD2d 664 [1996]).

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.