■ In the Matter of the Claim of ROBERT A. ZIEGLER, Appellant. COMMISSIONER OF LABOR, Respondent. [814 NYS2d 293]—

Cardona, P.J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 4, 2004, which ruled that claimant's benefit rate should be reduced to zero because he was receiving payments under a pension plan financed solely by his employer.

Claimant's 24-year employment with Valeo Electrical Systems, Inc. ended in November 2003 after he left his employment pursuant to a "Retirement Acceleration Program" offered by the employer in order to effectuate a reduction in the work force.* The program is fully funded by the employer, does not include any funds from an established pension fund and allows employees to be on a leave that resembles retirement until they become eligible to retire, for a maximum of five years. Employees perform no services for the employer, receive full benefits and accrue credit toward their retirement date. Upon his agreement to participate, claimant received a lump sum and began receiving monthly payments of $2,840 in December 2003. The payments will continue until he reaches his retirement eligibility age in 2008.

Claimant applied for unemployment insurance benefits, and his benefit rate was determined to be $405 per month. It was later determined, however, that his benefit should be reduced to zero pursuant to Labor Law § 600 (7) (b). That determination was upheld by the Unemployment Insurance Appeal Board, prompting this appeal.

Significantly, because claimant is receiving a "pension, retirement or retired pay, annuity, *or any other similar periodic payment which is based on his previous work*" (Labor Law § 600 [7] [a] [emphasis added]) and is fully funded by his employer (*see* Labor Law § 600 [7] [b]), we find no error in the Board's determination reducing claimant's unemployment insurance benefit

---

* Notably, the record confirms that, due to the impact of foreign imports on the employer's business, the business was certified for assistance for its employees pursuant to the Federal Trade Act of 1974 (*see* 19 USC § 2271 *et seq.*; *see also Matter of Burdick [Commissioner of Labor]*, 14 AD3d 832 [2005]) and, therefore, employees meeting eligibility requirements would be entitled to certain trade adjustment allowances (*see Delk v Ford Motor Co.*, 96 F3d 182, 185 [1996], *cert denied* 520 US 1275 [1997]).

rate by the prorated weekly amount of the payment (*see Matter of Favorito [Hudacs]*, 195 AD2d 679 [1993], *lv denied* 82 NY2d 660 [1993]; *Matter of Sherbell [Roberts]*, 133 AD2d 892 [1987]).

Furthermore, we are unpersuaded by claimant's contention that Labor Law § 600 is in conflict with the Federal Trade Act of 1974 (19 USC § 2101 *et seq.*). It is clear that trade adjustment allowances are provided as a supplement to state unemployment compensation benefits (*see International Union, United Auto., Aerospace & Agric. Implement Workers of Am. v Donovan*, 746 F2d 855, 857 [DC Cir 1984], *cert denied* 474 US 825 [1985]) and there is nothing in the Federal Trade Act prohibiting the implementation of Labor Law § 600. In any event, the effect of claimant's receipt of retirement acceleration program benefits upon his potential eligibility for Federal Trade Act assistance (*see e.g. Matter of Burdick [Commissioner of Labor]*, 14 AD3d 832 [2005]; *Matter of Wagner [Commissioner of Labor]*, 14 AD3d 829 [2005]; *see also Former Empls. of Hewlett-Packard Co. v United States*, 17 CIT 31, 34-35 [US Ct Intl Trade 1993]) is not before us or, indeed, relevant to the subject determination reducing claimant's unemployment compensation benefit rate. Accordingly, we find no basis for reversal.

Mercure, Crew III, Peters and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.