Stein, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 24, 2007, which, upon reconsideration, among other things, charged claimant with a recoverable overpayment of unemployment insurance benefits.
Claimant applied for unemployment insurance benefits on July 3, 2006, and a weekly benefit rate was established. When claimant was interviewed by a Department of Labor representative in early August 2006, she indicated that she had applied for her pension from the employer. Claimant received her first pension check on August 25, 2006, retroactive to July 1, 2006, and *847 promptly notified the Department. Prior to that time, claimant had received unemployment insurance benefits in the amount of $2,430. Because the prorated weekly amount of claimant’s pension exceeded her weekly benefit rate, the Unemployment Insurance Appeal Board reduced claimant’s weekly benefit rate to zero and charged her with a recoverable overpayment.* Upon reconsideration, the Board adhered to its prior decision, prompting this appeal by claimant.
Substantial evidence supports the Board’s decision reducing claimant’s benefit rate to zero and charging her with a recoverable overpayment of benefits. The record reflects that claimant is receiving a pension that is fully funded by her former employer and that the prorated weekly amount of her pension exceeds her weekly unemployment insurance benefit rate. Under such circumstances, the Board properly reduced claimant’s benefit rate to zero (see Matter of Ziegler [Commissioner of Labor], 28 AD3d 895, 895-896 [2006], lv denied 7 NY3d 708 [2006]; Matter of Hosenfeld [Commissioner of Labor], 280 AD2d 738 [2001]; Matter of Hammer [Commissioner of Labor], 263 AD2d 608 [1999]; see also Labor Law § 600 [7]). Similarly, although claimant indeed disclosed her pension and receipt of those benefits to the Department, the conditional payment of unemployment insurance benefits prior to verification of the details of a claimant’s pension is subject to review and recovery of an overpayment (see Labor Law § 597 [3], [4]). Thus, claimant was properly charged with a recoverable overpayment even though she was not at fault (see Labor Law § 597 [3], [4]; § 600 [7] [c]; Matter of Hosenfeld [Commissioner of Labor], supra; Matter of Hammer [Commissioner of Labor], supra).
Cardona, EJ., Peters, Carpinello and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.

 At the time, claimant received a monthly pension in the gross amount of $2,337.03.