■ JOHN H. DAIR BUILDING CONSTRUCTION CO., INC., et al., Appellants, v. ROBERT W. MAYER et al., Respondents, et al., Defendants.— Appeal from an order of the Supreme Court, Nassau County, dated September 26, 1968, which granted a motion pursuant to CPLR 6515 to cancel a notice of pendency upon the filing by defendant Thora Rose Mayer of a surety company undertaking in the amount of $31,500. Order modified, on the law and the facts, by deleting the figure $31,500 in the first ordering paragraph and in the paragraph immediately thereafter and by substituting therefor the figure $42,000. As so modified, order affirmed, without costs. The lis pendens filed by plaintiffs did not create a lien upon the property owned by defendant Thora Rose Mayer but was merely a notice of some claim made in respect of the property which was the subject of the suit (Simon v. Vanderveer, 155 N. Y. 377, 382). The action is to recover moneys and assets allegedly wrongfully taken by defendant Robert W. Mayer, Thora Rose's husband, the complaint alleging among other things that the moneys and assets were used in part for the purchase of the land and the construction of the residence subsequently conveyed by the defendant husband to the defendant wife. Under such circumstances, we are of the opinion that the maximum amount which plaintiffs could recover by virtue of the lis pendens, if successful in the action, would be the net proceeds realized upon a bona fide sale of the property. The undertaking under CPLR 6515 is a substitute for the property (cf. Proc v. Hall, 11 A D 2d 364, 367); and plaintiffs will be afforded adequate relief by an undertaking in the amount of such net proceeds. The Special Term held that the net maximum amount which could be realized on the sale was $31,383.70 and, accordingly, directed the filing of an undertaking in the amount of $31,500. In making that determination the court held, in effect, that a certain mechanic's lien and interest thereon, in the sum of $16,463.40, should be considered a prior lien on the premises and should be included as a deduction in computing the net amount which could be realized on the sale. However, it appears from the papers submitted on the instant motion that the defendant wife herself, in a pending action to foreclose the mechanic's lien, questioned its validity; and, therefore, it is our view that the amount of the lien and interest thereon should not have been included as a deduction in the computation of the net proceeds. We are also of the opinion that the affirmations in opposition to the motion, submitted by plaintiffs' attorney of record and an attorney "associated" with him in the prosecution of the litigation, both made "pursuant to CPLR 2106", were a sufficient compliance with that rule and had the same force and effect as affidavits, despite the omission therefrom of the statement that they were "affirmed * * * to be true under the penalties of perjury". We have been advised, without contradiction, that subsequent to the making of the order appealed from the property was sold, the mechanic's lien action was settled for $5,000, and the net proceeds of the sale amounted to $41,598.29. That uncontrovertible proof, which we may consider (cf. Ripley v. Storer, 309 N. Y. 506, 518–519; People ex rel. Williams v. Murphy, 6 N Y 2d 234, 237), requires an increase in the amount of the undertaking to $42,000. Christ, Acting P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.