■ HERBERT LAZAR et al., Appellants, v MARAGOLD GROUP, LTD., et al., Respondents.—In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), dated July 25, 1988, which granted the motion of the defendant Francis W. Gencorelli to cancel a notice of pendency, without requiring the posting of an undertaking.

Ordered that the order is affirmed, with costs.

The record reveals that the plaintiffs entered into an agreement with the defendant Shoratlantic Development Corp. (hereinafter Shoratlantic) to purchase certain premises owned by Shoratlantic. After the plaintiffs repeatedly failed to timely make progress payments pursuant to the contract, Shoratlantic declared them to be in default and terminated the agree-

ment. The plaintiffs subsequently referred and recommended a third party to Shoratlantic as potential buyers of the property. Shoratlantic alleges, and the plaintiffs do not deny, that the plaintiffs did so in a vain attempt to recoup the partial payments they had made to Shoratlantic under the contract. Thereafter, the potential buyers and Shoratlantic entered into a contract for the sale of the property. However, before a closing could be held, the plaintiffs commenced this action, *inter alia,* for specific performance of their prior agreement with Shoratlantic and filed a notice of pendency on the property, thereby causing the potential buyers to cancel their contract for sale. The defendant Francis W. Gencorelli subsequently moved for cancellation of the notice of pendency. The Supreme Court granted the motion, and did not require the filing of an undertaking by any of the defendants. We affirm.

Pursuant to CPLR 6514 (b), the court, in its discretion, may cancel a notice of pendency without requiring an undertaking if the movant demonstrated that "the plaintiff has not commenced or prosecuted the action in good faith" *(see, 5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313; *Weksler v Yaffe,* 129 Misc 2d 633). We conclude that the defendants had adequately sustained their burden of establishing a lack of good faith on the part of the plaintiffs in asserting their claim for specific performance. Indeed, the plaintiffs have neither denied nor controverted the defendants' allegations that (1) when Shoratlantic declared the plaintiffs in default, the plaintiffs did not seek specific performance, but instead referred a third party to Shoratlantic as potential purchasers of the subject premises in an apparent attempt to recoup their payments to Shoratlantic under the contract, (2) when it became clear that their money would not be refunded, they commenced this action and filed the notice of pendency, thereby causing termination of the contract between the new buyers and Shoratlantic, and (3) the plaintiffs, while naming a total of 11 defendants and alleging a conspiracy among Shoratlantic and other defendants to procure their default under the contract of sale, served the complaint in this action only upon Shoratlantic, and have since failed to pursue the matter with reasonable diligence. Inasmuch as the foregoing allegations of lack of good faith are supported by the record and the plaintiffs have presented no evidence to the contrary, we conclude that the Supreme Court's cancellation of the notice of pendency, without requiring an undertaking, did not constitute an improvident exercise of discretion under CPLR 6514 (b). Thompson, J. P., Brown, Rubin and Sullivan, JJ., concur.