■ ROBERT M. WHELAN et al., Appellants, v J.T.T. CONTRACTORS, INC., et al., Respondents.—In an action for specific

performance of a contract for the sale of certain real property, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Beisner, J.), dated April 22, 1988, which denied their motion to reinstate a previously canceled notice of pendency.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' notice of pendency is reinstated.

A notice of pendency, also known as a lis pendens, is a provisional remedy to protect litigants claiming an interest in real property. If it has been properly filed and indexed, it provides "constructive notice, from the time of filing * * * to a purchaser from, or incumbrancer against, any defendant named in a notice of pendency" (CPLR 6501; *5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313). Once a notice of pendency has been filed, it may only be canceled, upon motion, for one of the reasons set forth in CPLR 6514 or 6515.

The provisions of CPLR 6514 are inapplicable to the instant case since none of the requirements for mandatory cancellation have been met (CPLR 6514 [a]), nor is there any evidence that the plaintiffs commenced or prosecuted the action in bad faith (CPLR 6514 [b]). Similarly, cancellation under CPLR 6515 was improper as it requires the moving party to post an undertaking and, concededly, no undertaking was requested of or posted by the defendants *(see, 5303 Realty Corp. v O & Y Equity Corp., supra,* at 320, 321; *Andesco, Inc. v Page,* 137 AD2d 349; *Dair Bldg. Constr. Co. v Mayer,* 31 AD2d 835).

As the defendants failed to satisfy the statutory criteria for the cancellation of the notice of pendency and further failed to post an undertaking, we find that the court improperly vacated the plaintiffs' notice of pendency. We also conclude that the court incorrectly interpreted its prior order which conditioned the granting of a preliminary injunction upon the posting of the $44,000 bond. The bond required by the court was a condition of the preliminary injunction and not, as the court erroneously concluded, of the notice of pendency. As the two forms of relief are separate and distinct, the court improperly concluded that the plaintiffs' failure to post the undertaking mandated the vacatur of the notice of pendency.

In light of our determination, we decline to reach the remainder of the plaintiffs' arguments. Kunzeman, J. P., Rubin, Harwood and Balletta, JJ., concur.