■ RS PARALEGAL & RECOVERY SERVICES, INC., Appellant, v POUGHKEEPSIE SAVINGS BANK F.S.B., Respondent.—In an action for damages incurred as a result of a temporary restraining order, the plaintiff appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Dutchess County (Beisner, J.), entered November 29, 1990, which, inter alia, denied its motion for summary judgment on the issue of the defendant's liability for damages incurred by the temporary restraining order.

Ordered that the order is modified, on the law, by adding a provision that, upon searching the record, summary judgment is granted in favor of the defendant on the merits dismissing the action; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

The plaintiff seeks damages allegedly incurred by an improperly issued temporary restraining order which did not require that an undertaking be posted. We reject the plaintiff's argument that the case law incorrectly interprets CPLR 6315. We agree with the Supreme Court that absent an undertaking, a damaged party is without a remedy absent a

showing of malicious prosecution *(see, Preston Corp. v Fabrications Enters.,* 68 NY2d 397; *Honeywell, Inc. v Technical Bldg. Servs.,* 103 AD2d 433). It is well settled that "the undertaking is the source of liability and, therefore, absent an undertaking there is no right, short of an action for malicious prosecution, to recover for damage resulting from the issuance of court process" *(Preston Corp. v Fabrications Enters., supra,* at 397-398; *see also, Doran & Assocs. v Envirogas, Inc.,* 112 AD2d 766). The record is devoid of any proof that the defendant sought the temporary restraining order for malicious reasons. Since no undertaking was required to be posted, the action should be dismissed. Accordingly, we search the record and grant summary judgment in favor of the defendant dismissing the action *(see,* CPLR 3212 [b]).

We have considered the plaintiff's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Sullivan and Balletta, JJ., concur.