■ NAPIC, N. V., Appellant, v FVERFA INVESTMENTS, INC., Respondent. [597 NYS2d 707] —Order, Supreme Court, New York County (Joan B. Lobis, J.), entered April 23, 1992, which, *inter alia,* granted defendant's cross motion to dismiss the complaint for lack of jurisdiction, unanimously affirmed, without costs.

In this action by a condominium unit owner against another unit owner to recover for water damages, jurisdiction over defendant, a corporation, was not acquired by delivering a copy of the process to the concierge of the building and mailing another copy to defendant's unit *(see, Lakeside Concrete Corp. v Pine Hollow Bldg. Corp.,* 104 AD2d 551, *affd* 65 NY2d 865). Nor can plaintiff's noncompliance with the service requirements of CPLR 311 be excused on the ground that its process server had exercised due diligence after being denied

access to defendant's unit by the concierge. *Austrian Lance & Stewart v Rockefeller Ctr.* (163 AD2d 125), relied on by plaintiff, is distinguishable in various respects, including the absence of any allegation, much less proof, that anyone acting under defendant's control or with its knowledge assisted defendant in evading service. We have considered plaintiff's other arguments and find them to be without merit. Concur—Sullivan, J. P., Ross, Kassal and Nardelli, JJ.