OPINION OF THE COURT
Memorandum.
Order reversed without costs and defendants’ motion for summary judgment granted dismissing the complaint.
Plaintiff Maria Jones was injured in an automobile accident on January 23, 1998. Defendants moved for summary judgment dismissing the complaint on the ground that the injured plaintiff failed to satisfy the threshold requirement of suffering a serious injury under Insurance Law § 5102 (d).
The motion court cited Ruiz v Security Sales Corp. (2001 NY Slip Op 40382[U] [App Term, 2d & 11th Jud Dists 2001]) for its conclusion that Dr. Rosenblum’s affirmation did not comply with CPLR 2106 and was therefore inadmissible. In that case, this court stated that the treating physician’s affirmation was not in proper form because it failed to set forth that the statements contained therein were true under the penalties of perjury as required by CPLR 2106. The doctor’s affirmation therein merely stated: “Dr. Laudon, a physician licensed to practice medicine in New York hereby affirms.” In the case at bar, the affirmation states as follows: “I, Dr. Jay A. Rosenblum, pursuant to CPLR sec. 2106 and as a physician duly licensed to practice in the State of New York, hereby affirm the truth of the foregoing.” In our view, this was sufficient since he referred to CPLR 2106 which contains the phrase under penalties of perjury and he also affirmed the truth of the affirmation (Dair Bldg. Constr. Co. v Mayer, 31 AD2d 835 [1969]; see generally People v Sullivan, 56 NY2d 378 [1982]). Dr. Rosenblum’s report and the affirmed report by defendants’ radiologist who reviewed plaintiffs MRI made out a prima facie case that the injured plaintiff did not sustain a serious injury. The burden therefore shifted to plaintiffs to raise a triable issue of fact that the injured plaintiff sustained a serious injury (see Gaddy v Eyler, 79 NY2d 955 [1992]).
The plaintiffs unsuccessfully opposed the motion. The injured plaintiffs doctor did not designate a numeric percent *49 age of her loss of range of motion of her cervical and lumbar spine or provide a qualitative assessment of her physical condition compared to her normal function, purpose and use of her cervical and lumbar spine (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]). Furthermore, plaintiffs failed to submit medical proof in admissible form, contemporaneous with the accident, showing any initial range of restrictions in her spine. The affirmation of the injured plaintiffs examining physician did not provide any explanation for the four-year gap between her initial treatment and her subsequent visit to the examining physician (see Nemchyonok v Peng Liu Ying, 2 AD3d 421 [2003]).
Pesce, RJ., and Golia, J., concur; Patterson, J., taking no part.