■ G. STEVEN REINGOLD, Respondent, v BARBARA BOWINS, Appellant. [826 NYS2d 316]—

In an action, inter alia, to impose a constructive trust on certain real property, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Loughlin, J.), dated October 3, 2005, as denied those branches of her motion which were to cancel a notice of pendency and to ascertain damages for the issuance of a preliminary injunction.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 6514 (b) allows for the discretionary cancellation of a notice of pendency, upon motion of any person aggrieved, "if the plaintiff has not commenced or prosecuted the action in good faith." "Where a plaintiff is using the notice of pendency for an ulterior purpose, a finding of lack of good faith can be made" (*Nastasi v Nastasi*, 26 AD3d 32, 41 [2005]). Contrary to the defendant's contention, it cannot be concluded, based upon the sharply conflicting factual allegations of the parties, that the plaintiff commenced or is prosecuting this action in bad faith, or is using the notice of pendency for an ulterior purpose (*see Nastasi v Nastasi, supra*). Accordingly, the Supreme Court providently exercised its discretion in refusing to cancel the notice of pendency pursuant to CPLR 6514 (b).

Furthermore, the court properly refused to cancel the notice of pendency pursuant to CPLR 6515 because that provision requires the moving party to post an undertaking, and the defendant failed to request that the court fix an undertaking securing the cancellation or to post an undertaking (*see Whelan v J.T.T. Contrs.*, 155 AD2d 451 [1989]).

The court also properly denied that branch of the defendant's motion which was to ascertain damages for the issuance of a preliminary injunction. CPLR 6312 (b) provides that "prior to the granting of a preliminary injunction, the plaintiff shall give an undertaking in an amount to be fixed by the court, that the plaintiff, if it is finally determined that he or she was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of the injunction." The damages sustained by reason of a preliminary injunction may be ascertained upon motion pursuant to CPLR 6315. However, "the undertaking is the source of liability and, therefore, absent an undertaking there is no right, short of an action for malicious prosecution, to recover for damage resulting from the issuance of court process" (*J. A. Preston Corp. v Fabrication Enters.*, 68 NY2d 397, 401 [1986]; *see RS Paralegal & Recovery Servs. v Poughkeepsie Sav. Bank F.S.B.*, 190 AD2d 660 [1993]). Here, the order that granted the plaintiff's motion for a preliminary injunction did not require him to post an undertaking. Although that order was subsequently modified to require that an undertaking be posted, the plaintiff failed to post an undertaking, and the preliminary injunction was accordingly vacated. Since no undertaking was ever posted, the defendant has no statutory right to damages resulting from the issuance of the preliminary injunction pursuant to CPLR 6312

(b) and 6315 (*see Samra v Sikh Ctr. of N.Y., Inc.*, 16 AD3d 659 [2005]; *RS Paralegal & Recovery Servs. v Poughkeepsie Sav. Bank F.S.B., supra*). Krausman, J.P., Rivera, Spolzino and Lifson, JJ., concur.