■ 551 WEST CHELSEA PARTNERS LLC, Appellant, v 556 HOLDING LLC, Respondent. [838 NYS2d 24]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered September 29, 2006, which granted defendant's motion to cancel a notice of pendency, unanimously reversed, on the law, with costs, the motion denied and the notice of pendency reinstated.

The parties entered into an agreement for the sale of, among other things, certain unused development rights for and easements to defendant's property situated at 556 West 22nd Street in Manhattan. The agreement required plaintiff to pay an initial deposit on the day the agreement was executed and an additional deposit by a specified subsequent date. These deposits, both of which were paid, were not placed into escrow. Rather, pursuant to the agreement, the funds were released to defendant for its use. The balance of the multimillion dollar purchase price was due by or before the closing date, specified as "December 31, 2005 or such later date after January 1, 2006 (but on or before April 30, 2006)."

Shortly before the April 30 deadline, plaintiff requested that the closing be postponed until July 31, 2006. Since the April 30 deadline was based on the May 11, 2006 maturity date of a mortgage encumbering the property, the parties attempted to negotiate an extension of the deadline, under which defendant would obtain an extension of the maturity date of the mortgage and plaintiff would pay all costs associated with extending the maturity date of the mortgage. No agreement was reached, and on May 11 defendant sent plaintiff a notice asserting that plaintiff was in default of the agreement and indicating that defendant intended to terminate the agreement. By letter dated June 5, defendant, which had obtained an extension of the maturity date of the mortgage to June 25, proposed a June 20 closing. During a telephone conversation several days later, plaintiff's counsel informed defendant's counsel that he was unavailable on June 20 because he was otherwise engaged. By letter dated June 15 to defendant's counsel, plaintiff's counsel reiterated that he would not be available on June 20 but expressed plaintiff's continued interest in consummating the transaction. The following day, defendant's counsel proposed to conduct the closing on June 21. Plaintiff's counsel, however, declined that date as well.

Plaintiff commenced this action seeking specific performance of the agreement, claiming that it had performed all of its obligations under the agreement and that defendant repudiated the agreement by failing to negotiate in good faith and otherwise take action required to effectuate the agreement. In addition to

filing a summons and complaint, plaintiff filed a notice of pendency of the action. Defendant moved to cancel the notice of pendency pursuant to CPLR 6514 (b), arguing that the action was not commenced in good faith. Supreme Court, without making any specific finding that the action was not commenced or prosecuted in good faith, granted the motion.[1]

CPLR 6514 (b) provides that a "court, upon motion of any person aggrieved and upon such notice as it may require, may direct any county clerk to cancel a notice of pendency, if the plaintiff has not commenced or prosecuted the action in good faith." In ascertaining whether an action was commenced in good faith a court "essentially is limited to reviewing the pleading to ascertain whether the action falls within the scope of CPLR 6501" (*5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 320 [1984]; *see Nastasi v Nastasi*, 26 AD3d 32, 41 [2005] [filing a notice of pendency for an "ulterior purpose" can support conclusion that action was not commenced in good faith]). The plaintiff's likelihood of success on the merits is irrelevant (*5303 Realty Corp., supra*; *see Interboro Operating Corp. v Commonwealth Sec. & Mtge. Corp.*, 269 NY 56 [1935]). Vacatur based upon the failure to prosecute the action in good faith only lies where plaintiff engaged in dilatory tactics following the commencement of the action, e.g., refused to provide bill of particulars (*see Williams v Harrington*, 216 AD2d 761 [1995]), or otherwise failed to prosecute the action diligently (*see* Siegel, NY Prac § 336, at 537 [4th ed]). The party seeking to cancel the notice of pendency must demonstrate the requisite lack of good faith (*see Lazar v Maragold Group*, 150 AD2d 645, 646 [1989]; Weinstein-Korn-Miller, NY Civ Prac ¶ 6514.10). This burden is not "easily met" (*Weksler v Yaffe*, 129 Misc 2d 633, 635 [Sup Ct, Kings County 1985]) since defendant must raise "at least a substantial question" as to whether plaintiff has not commenced or prosecuted the action in good faith (13A Carmody-Wait 2d § 87:109).

Here, defendant failed to carry its burden. The parties offer sharply conflicting factual accounts of the circumstances surrounding their failure to consummate the transaction that do not permit a finding that plaintiff commenced the action in bad faith or is using the notice of pendency for an ulterior purpose (*see Reingold v Bowins*, 34 AD3d 667 [2006]). Specifically, plaintiff alleges in its complaint that it performed all of its obligations under the agreement but that defendant failed both to negotiate in good faith and to "take action reasonably

---

**1.** Plaintiff obtained a stay of enforcement of the order by posting a $600,000 undertaking.

required to effectuate the . . . agreement"; defendant maintains that plaintiff was unable and unwilling to satisfy its obligations under the agreement. Moreover, defendant does not even argue—let alone demonstrate—that plaintiff has failed to prosecute this action diligently. Applying our circumscribed scope of review (*5303 Realty Corp.*, 64 NY2d at 320) and keeping in mind the burden of proof placed on defendant, the record does not support Supreme Court's determination to grant defendant's motion.[2]

We note that defendant will be entitled to cancellation of the notice of pendency "if and when 'the time to appeal from a final judgment against the plaintiff has expired; or if enforcement of a final judgment against the plaintiff has not been stayed pursuant to section 5519' " (*Jonestown Place Corp. v 153 W. 33rd St. Corp.*, 74 AD2d 525, 526 [1980], *affd on other grounds* 53 NY2d 847 [1981], quoting CPLR 6514 [a]). In the event that the notice of pendency is cancelled pursuant to CPLR 6514 (a), defendant may recover "any costs and expenses occasioned by the filing and cancellation [of the notice of pendency], in addition to any costs of the action" (CPLR 6514 [c]). Concur—Friedman, J.P., Nardelli, Buckley, Catterson and McGuire, JJ.

---

2. Given our determination that defendant failed to meet its burden on the motion and that denial of the motion is required, we need not address plaintiff's argument that Supreme Court abused its discretion in denying his cross motion seeking additional time to respond to defendant's motion.