■ LESSARD ARCHITECTURAL GROUP, INC., P.C., Appellant, v X & Y DEVELOPMENT GROUP, LLC, Respondent, et al., Defendants. [930 NYS2d 652]—

The plaintiff entered into a contract with Fleet Financial Group, Inc. (hereinafter Fleet), to provide architectural services for a "mixed use residential and community" facilities development to be located on certain property in Queens (hereinafter the premises). The contract identified Fleet as the owner of the premises. On November 12, 2009, the plaintiff sent Fleet a notice of termination of the contract, alleging that Fleet defaulted on the contract. Based upon the amount owed to the plaintiff as a result of the alleged default, on December 8, 2009, the plaintiff filed a mechanic's lien against the premises, which are presently owned by the defendant X & Y Development Group, LLC (hereinafter X&Y). On June 25, 2010, pursuant to the forum and jurisdiction clause in the contract, the plaintiff commenced an action in Virginia to recover damages, inter alia, for breach of contract against Fleet and X&Y, among others (hereinafter the Virginia action).

On August 25, 2010, X&Y served on the plaintiff a demand pursuant to Lien Law § 59, requiring the plaintiff to commence an action on or before September 27, 2010, to enforce the mechanic's lien filed against the premises, or face the cancellation of its lien. On September 27, 2010, the plaintiff commenced this action to foreclose on the mechanic's lien and filed a notice of pendency against the premises, and the next day it moved pursuant to CPLR 2201 to stay this action pending a final adjudication in the Virginia action. X&Y cross-moved, inter alia,

to cancel the notice of pendency. The Supreme Court, among other things, denied the motion for a stay, and granted that branch of the cross motion which was to cancel the notice of pendency. We modify.

The Supreme Court providently exercised its discretion in denying the plaintiff's motion to stay this action pending the determination of the Virginia action. This action and the Virginia action do not share a "complete identity of parties, claims, and reliefs sought" (*Green Tree Fin. Servicing Corp. v Lewis*, 280 AD2d 642, 643 [2001]; *see* CPLR 2201; *Tribeca Lending Corp. v Crawford*, 79 AD3d 1018, 1020 [2010]).

However, the Supreme Court improvidently exercised its discretion in granting that branch of the cross motion of X&Y which was to cancel the notice of pendency on the subject premises. Pursuant to CPLR 6514 (b), the court, in its discretion, may cancel a notice of pendency without requiring an undertaking if the movant demonstrated that "the plaintiff has not commenced or prosecuted the action in good faith" (*see 5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313 [1984]; *Lazar v Maragold Group*, 150 AD2d 645 [1989]). "Where a plaintiff is using the notice of pendency for an ulterior purpose, a finding of lack of good faith can be made" (*Nastasi v Nastasi*, 26 AD3d 32, 41 [2005]; *see Reingold v Bowins*, 34 AD3d 667, 668 [2006]). In this case, it cannot be concluded, based upon the conflicting allegations of the parties, that the plaintiff commenced this action in bad faith, or is using the notice of pendency for an ulterior purpose (*see Reingold v Bowins*, 34 AD3d 667 [2006]). The plaintiff's failure to immediately seek leave of the Supreme Court pursuant to RPAPL 1301 (3), permitting it to continue to maintain the Virginia action, was not conclusive proof that the plaintiff commenced this action in bad faith. Skelos, J.P., Dickerson, Leventhal and Lott, JJ., concur.