■ MICHAEL I. KNOPF et al., Appellants, v MICHAEL HAYDEN SANFORD et al., Respondents. (And Another Action.) [17 NYS3d 674]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered December 24, 2014, which granted that part of defendants' motion to cancel certain notices of pendency, and sub silentio denied that part of defendants' motion for costs and sanctions, unanimously modified, on the law, to remand for further proceedings on defendants' motion for costs and sanctions, and otherwise affirmed, without costs.

Supreme Court had jurisdiction to cancel the notices of pendency. Although this Court previously extended the subject notices (110 AD3d 502 [1st Dept 2013]), this does not render them immune to subsequent motions to cancel pursuant to CPLR 6514 (*see e.g. Bowery Boy Realty, Inc. v H.S.N. Realty Corp.*, 55 AD3d 766 [2d Dept 2008], *lv denied* 11 NY3d 715 [2009]).

The notices of pendency were properly cancelled because plaintiffs failed to show that money damages would be inadequate (*see Hoffmann Invs. Corp. v Yuval*, 33 AD3d 511 [1st Dept 2006]). Whether defendants are able to pay such damages is irrelevant to the determination of whether they are the appropriate remedy (*see American Cities Power & Light Corp. v Williams*, 189 Misc 829, 835-836 [Sup Ct, NY County 1947] ["The adequacy of the legal remedy for damages does not depend on the collectibility of the claim"]; *cf. Bertoni v Catucci*, 117 AD2d 892, 895 [3d Dept 1986]).

Furthermore, the cancellation of the notices of pendency was mandatory pursuant to CPLR 6514 (a). CPLR 6514 (a) provides, in relevant part, that "[t]he court, upon motion of any person aggrieved and upon such notice as it may require, shall direct any county clerk to cancel a notice of pendency, if service of a summons has not been completed within the time limited by section 6512." CPLR 6512 provides that a notice of pendency is only effective if a summons is served upon the defendant within 30 days after filing. Here, plaintiffs failed to serve defendant Pursuit Holdings, LLC within this 30-day period. "Nail-and-mail" substitute service was ineffective because that method of service is only appropriate for serving individuals, not corporate entities (*see Napic, N.V. v Fverfa Invs.*, 193 AD2d 549 [1st Dept 1993]; *Lakeside Concrete Corp. v Pine Hollow Bldg. Corp.*, 104 AD2d 551 [2d Dept 1984], *affd* 65 NY2d 865 [1985]).

Since defendants moved to cancel the notices of pendency pursuant to CPLR 6514, and not CPLR 6515, the posting of an undertaking was not required (*see Lessard Architectural Group,*

*Inc., P.C. v X & Y Dev. Group, LLC,* 88 AD3d 768, 770 [2d Dept 2011]; *Reingold v Bowins,* 34 AD3d 667, 668 [2d Dept 2006]).

The motion court did not address defendants' motions for costs and sanctions pursuant to CPLR 6514 (c). Despite the lack of subjective bad faith on the part of plaintiffs, costs and expenses could be properly awarded pursuant to CPLR 6514 (c) (*see e.g. Lunney & Crocco v Wolfe,* 180 AD2d 472, 472 [1st Dept 1992] [affirming CPLR 6514 (c) "costs and expenses" award "(d)espite the lack of subjective bad faith on the part of the petitioner"]; *see also Josefsson v Keller,* 141 AD2d 700 [2d Dept 1988] [awarding defendants over $39,000 in "costs and expenses" under CPLR 6514 (c)]; *Tucker v Mashomack Fish & Game Preserve Club,* 199 AD2d 957 [3d Dept 1993] [damages attributable to improperly filed lis pendens not reduced by higher sale price ultimately realized by vendor, after vacatur, than was expected under proposed sale aborted by filing]). We therefore remand for a determination as to whether the award of costs and expenses are warranted under the circumstances of this case pursuant to CPLR 6514 (c).

Concur—Gonzalez, P.J., Sweeny, Renwick, Saxe and Feinman, JJ.