National Auditing Servs. & Consulting, LLC v Assa (2023 NY Slip Op 03198)

National Auditing Servs. & Consulting, LLC v Assa

2023 NY Slip Op 03198

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Oing, J.P., Singh, Moulton, Scarpulla, Shulman, JJ. 

Index No. 156862/22 Appeal No. 439 Case No. 2023-00230 

[*1]National Auditing Services & Consulting, LLC, Plaintiff-Respondent,
v
Salim Assa et al., Defendants-Appellants, Ninth Avenue Tower, LLC, et al., Defendants.

Law Office of Robert M. Kaplan, White Plains (Robert M. Kaplan of counsel), for appellants.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale (Andrew S. Lewner of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered December, 23, 2022, which, to the extent appealed from as limited by the briefs, denied defendant Salim Assa's motion to dismiss the eighth cause of action pursuant to CPLR 3211(a)(7) and defendants 511 Property LLC, 511 Property II, LLC, 9th Ave. Hotel Property Holdings LLC, 9th Ave. Retail Property Holding LLC, and Retail & Commercial Property Holdings LLC's motion to dismiss the first through seventh and ninth causes of action pursuant to CPLR 3211(a)(1), (a)(5), and (a)(7), to cancel the notices of pendency, and for attorneys' fees pursuant to CPLR 6514(c), unanimously reversed, on the law, without costs, the motions granted and the complaint dismissed pursuant to CPLR 3211(a)(5), the notices of pendency cancelled, and the matter of attorneys' fees remanded for further proceedings.
Plaintiff commenced this postjudgment enforcement action alleging that transfers of New York real property by one entity defendant to the other entity codefendants were fraudulent conveyances under the Debtor and Creditor Law and should be set aside. Plaintiff further alleges that the individual defendant aided and abetted the fraudulent transfers and was also a beneficiary of them.
Plaintiff's claims are time-barred pursuant to CPLR 202, New York's borrowing statute. Under CPLR 202, where a nonresident plaintiff asserts causes of action in a New York court, "the claim must be timely under both New York and the jurisdiction where the action accrued" (Matter of Part 60 RMBS Put-Back Litig., 195 AD3d 40, 47 [1st Dept 2021]). "Consequently, . . . it is the shorter of the two states' statutes of limitations that controls the timeliness of the action" (id.). For purposes of CPLR 202, "a cause of action accrues at the time and in the place of the injury" and "[w]hen an alleged injury is purely economic, the place of injury is usually where the plaintiff resides and sustains the economic impact of the loss" (Global Fin. Corp. v Triarc Corp., 93 NY2d 525, 529 [1999]).
Here, plaintiff is a resident of Connecticut and alleges only economic injury. Moreover, it does not dispute that, under Connecticut law, where the claims accrued for purposes of the borrowing statute, the statute of limitations for the asserted causes of action has expired (see Conn Gen Stat § 52-552j; Connecticut Nat. Bank v D'Onofrio, 46 Conn App 199, 209 [1997], cert denied 243 Conn 926 [1997]). Thus, the complaint should have been dismissed as untimely pursuant to CPLR 3211(a)(5). James v Powell (19 NY2d 249 [1967]), relied on by Supreme Court, is inapposite because it did not involve CPLR 202 or the statute of limitations. Given that dismissal of the action is warranted, we further grant defendants' motion to cancel the notices of pendency. The award of attorneys' fees was not addressed by the motion court, and because these fees can be awarded even in the absence of bad faith, we remand the matter to the motion court for further [*2]proceedings (see Knopf v Sanford, 132 AD3d 416, 418 [1st Dept 2015]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023