| |
|---|
| **Parker Colt Admr. v One W. Bank F.S.B.** |
| 2024 NY Slip Op 33071(U) |
| August 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150652/2024 |
| Judge: Lori S. Sattler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02M

-------------------------------------------------------------------------------X

PARKER COLT ADMINISTRATOR,

                           Plaintiff,

                    - v -

ONE WEST BANK F.S.B., MERS INC.,DEUTSCHE BANK
NATIONAL TRUST COMPANY

                          Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 150652/2024 |
| **MOTION DATE** | 01/25/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30

were read on this motion to/for     JUDGMENT - SUMMARY IN LIEU OF COMPLAINT    .

       Plaintiff Parker Colt, Administrator of the Estate of Linda D. Johnson ("Plaintiff"),

commenced this action to quiet title to a condominium apartment located at 200 Rector Place,

Apartment 31M in Manhattan ("the Apartment"), cancel and discharge the mortgages

encumbering the Apartment, and to cancel the lis pendens/notice of pendency ("Notice of

Pendency") in a foreclosure action concerning the Apartment, *OneWest Bank FSB v Linda

Johnson*, N.Y. County Index No. 113083/2009 ("the Foreclosure Action").  Plaintiff now moves

for summary judgment on his claims pursuant to CPLR 3213.  Defendant Deutsche Bank

National Trust Company ("Deutsche Bank") opposes the motion.  Defendants One West Bank

F.S.B. ("One West") and MERS, Inc. ("MERS") have not appeared in this action.

       Plaintiff is the son of Linda D. Johnson ("Johnson") and the administrator of her estate.

Johnson was the Owner of the Apartment and took out mortgages on it in 2005 and 2007

(NYSCEF Doc. No. 5).  She defaulted on the mortgages in in 2008 and One West commenced

the Foreclosure Action in September 2009 and filed the Notice of Pendency.  One West moved

**150652/2024   COLT ADMINISTRATOR, PARKER vs. ONE WEST BANK F.S.B. ET AL**
  **Motion No.  001**

**Page 1 of 5**

[* 1]

for summary judgment in March 2010, which the Court granted to the extent that One West was directed to settle the proposed order on notice. A series of settlement conferences were held in 2010 and 2011 but no resolution was reached.

Johnson died intestate in 2011 and the Foreclosure Action remained on the court calendar thereafter. The record does not indicate that a death certificate or letters of administration were filed in the Foreclosure Action or that it was otherwise stayed. Appearances continued to be scheduled in the Foreclosure Action from 2012 through 2016. The Foreclosure Action was marked disposed in December 2016 pursuant to 22 NYCRR § 202.27 due to One West's failure to appear at a court conference.

One West made two successive motions to restore the Foreclosure Action in 2018 and 2019, both of which were denied. In 2022, it made a motion to renew and reargue the 2019 decision denying its motion to restore the Foreclosure Action. This motion was also denied, with the Court finding that "the timeline offered by [One West] . . . shows [One West] had no interest or capability in moving its case" (NYSCEF Doc. No. 15, 2022 Decision [Bluth, J.]). A Notice of Entry for the 2022 Decision was filed on January 13, 2023. One West did not file an appeal of the 2022 Decision and took no other appeal was in the Foreclosure Action.

Plaintiff now moves for summary judgment for an order pursuant to CPLR 6514 canceling the Notice of Pendency in the Foreclosure Action and for an order pursuant to RPAPL 1921 canceling and discharging the 2005 and 2007 mortgages. Deutsche Bank opposes the motion, asserting that the Foreclosure Action remains active because it was automatically stayed by operation of law after Johnson's death in 2011 and that statute of limitations to commence a foreclosure action has consequently not expired.

150652/2024   COLT ADMINISTRATOR, PARKER vs. ONE WEST BANK F.S.B. ET AL
   Motion No.  001

Page 2 of 5

2 of 5

A party moving for summary judgment "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853 [1985], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Should the movant make its prima facie showing, the burden shifts to the opposing party, who must then produce admissible evidentiary proof to establish that material issues of fact exist" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

CPLR 6514(a) requires the Court to direct the county clerk to cancel a notice of pendency "if the action has been settled, discontinued, or abated . . . ." Additionally, the Court may exercise its discretion under CPLR 6514(b) to cancel a notice of pendency where a plaintiff fails to prosecute an action in good faith "where plaintiff engaged in dilatory tactics following the commencement of the action . . . or otherwise failed to prosecute the action diligently" (*551 W. Chelsea Partners LLC v 556 Holding LLC*, 40 AD3d 546, 548 [1st Dept 2007]).

RPAPL § 1501(4) "allows a party to cancel a mortgage where the limitations period for commencing a foreclosure action has expired" (*Batavia Townhouses, Ltd. v Council of Churches Hous. Dev. Fund Co., Inc.*, 38 NY3d 467, 470 [2022]; *see also Mejias v Wells Fargo N.A.*, 186 AD3d 472, 473-474 [2d Dept 2020]). The six-year statute of limitations in which to bring a foreclosure action begins to run when a mortgage debt is accelerated, such as when a noteholder files a "verified complaint seeking foreclosure and containing a sworn statement that the noteholder is demanding repayment of the entire outstanding debt" (*Freedom Mtge. Corp. v Engel*, 37 NY3d 1, 22 [2021]; CPLR 213[4]; *see also MTGLQ Invs., LP v Wozencraft*, 172 AD3d 644, 645).

150652/2024   COLT ADMINISTRATOR, PARKER vs. ONE WEST BANK F.S.B. ET AL
Motion No.  001

Page 3 of 5

3 of 5

[* 3]

The record shows that the Foreclosure Action was marked disposed in 2016 due to One West's failure to appear. It is further undisputed that all motions to restore the Foreclosure Action were denied. Deutsche Bank fails to demonstrate the existence of any issue of fact in opposition, notwithstanding its unsupported assertion that the Foreclosure Action somehow remains active nearly eight years after it was marked disposed. Plaintiff also submits proof that the mortgages were accelerated when One West commenced the Foreclosure Action in September 2009: the Verified Amended Complaint that unequivocally states One West's election "to call due the entire amount secured by the mortgage(s)" (NYSCEF Doc. No. 13). The six-year statute of limitations to commence a foreclosure action based on the Johnson mortgages therefore began to run in September 2009 and expired in 2015. Accordingly, the Court finds that Plaintiff has established his entitlement to summary judgment on his claims to quiet title on the Apartment pursuant to RPAPL § 1501(4), cancel the Notice of Pendency for the Foreclosure Action, and to cancel and discharge the mortgages.

Accordingly, it is hereby:

ORDERED that the motion is granted; and it is further

ORDERED that the County Clerk of New York County, upon service upon him of a copy of this order with notice of entry, shall cancel the Notice of Pendency in the action captioned *OneWest Bank FSB v Linda Johnson et al*, N.Y. County Index No. 113083/2009, filed in the office of the County Clerk of New York County on September 15, 2009; and it is further

ORDERED that the certain Mortgage dated December 14, 2005 and recorded January 13, 2006, in the New York City Department of Finance, Office of the City Register, CRFN Number 2006000024572, between Wells Fargo Bank, N.A., as Mortgagee, and Linda Johnson, as Mortgagor, in the principal sum of $463,000.00 and interest concerning the premises known as

150652/2024   COLT ADMINISTRATOR, PARKER vs. ONE WEST BANK F.S.B. ET AL
Motion No.  001

Page 4 of 5

4 of 5

[* 4]

200 Rector Place, Apartment 31M, New York, New York 10280, BE DISCHARGED OF RECORD; and it is further

ORDERED that the certain Mortgage dated January 29, 2007 and recorded February 28, 2007, in the New York City Department of Finance, Office of the City Register, CRFN Number 2007000110786, between MERS, Inc., as nominee for IndyMac Bank, F.S.B., as Mortgagee, and Linda Johnson, as Mortgagor, in the principal sum of $82,500.00 and interest concerning the premises known as 200 Rector Place, Apartment 31M, New York, New York 10280, BE DISCHARGED OF RECORD.

This constitutes the Decision and Order of the Court.

| **8/30/2024** | | | | |
|---|---|---|---|---|
| **DATE** | | | **LORI S. SATTLER, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

150652/2024   COLT ADMINISTRATOR, PARKER vs. ONE WEST BANK F.S.B. ET AL          Page 5 of 5
Motion No.  001

[* 5]