**Garcia-Guzman v 200 E. 16th St. Hous. Corp.**

2024 NY Slip Op 34343(U)

December 11, 2024

Supreme Court, New York County

Docket Number: Index No. 157512/2022

Judge: Denise M. Dominguez

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. DENISE M DOMINGUEZ**          PART          35M

                               *Justice*

-----------------------------------------------------------------X

HUGO GARCIA-GUZMAN,

                    Plaintiff,

              - v -

200 EAST 16TH STREET HOUSING CORPORATION,
CUPSOUL, LLC, ORSID REALTY CORP, BRUNI ELECTRIC,
INC, PURE GENERAL CONTRACTING, LLC,

                    Defendants.

-----------------------------------------------------------------X

CUPSOUL, LLC

                    Third-Party Plaintiff,

              -against-

PURE GENERAL CONTRACTING, LLC

                    Third-Party Defendant.

-----------------------------------------------------------------X

CUPSOUL, LLC

                    Second Third-Party Plaintiff,

              -against-

COLOSSAL DESIGN LLC, ROLANDO MECHANICAL CORP,
ROLANDO MECHANICAL OF NY CORP., SPIROS
KATSONOPOLOS

                    Second Third-Party Defendants.

-----------------------------------------------------------------X

CUPSOUL, LLC

                    Third Third-Party  Plaintiff,

              -against-

PHD IN HVAC, INC.

                    Third Third-Party Defendant.

-----------------------------------------------------------------X

|  |  |
|---|---|
| INDEX NO. | 157512/2022 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No.  595292/2023

Second Third-Party
Index No.  595266/2024

Third Third-Party
Index No.  595406/2024

The following e-filed documents, listed by NYSCEF document number  (Motion 003) 80, 81, 82, 83, 84, 85, 86, 87, 88, 89

were read on this motion to/for                    JUDGMENT - DEFAULT                    .

[* 1]

Upon reading the above listed documents, Defendant / Third Third-Party Plaintiff CUPSOUL, LLC's ("CUPSOUL") motion for default judgment pursuant to CPLR §3215, against Third Third-Party Defendant PHD IN HVAC, INC. ("PHD") is denied without prejudice.

This matter arises out of a June 6, 2022 incident that occurred at a work site located at 165 3rd Avenue in Manhattan when the Plaintiff alleges to have fallen from a ladder, sustaining various personal injuries. (NYSCEF Doc. 1, 81).

Plaintiff commenced this action on September 2, 2022 (NYSCEF Doc. 1) and CUPSOUL answered on October 25, 2022 (NYSCEF Doc. 11). CUPSOUL then commenced multiple third party actions. The third Third-Party action was commenced on April 17, 2024 against PHD (NYSCEF Doc. 84).

To establish entitlement to a default judgment against a non-appearing party pursuant to CPLR §3215, the movant must show proof of service of the summons and complaint and proof of the facts constituting the claim, the default and the amount due. (*see* CLPR §3215(f); *Gantt v. N. Shore-LIJ Health Sys.*, 140 A.D.3d 418 [1st Dept 2016]). In support of the within motion, CUPSOUL submits an attorney affirmation (NYSCEF Doc. 81), an affirmation of merit by Maria Psoni, a member of CUPSOUL (NYSCEF Doc. 88), pleadings (NYSCEF Doc. 83-84), the purported affidavit of service on PHD (NYSCEF Doc. 85) and a copy of the returned default letter sent to PHD (NYSCEF Doc. 86). Upon review, CUPSOUL has not established entitlement to default judgment against PHD at this time.

CUPSOUL has not shown that PHD was properly served with the third third-party complaint. The affidavit of service as to PHD asserts "affix and mail" service at a residence, located at 668 Peter Paul Dr. in West Islip, New York. (NYSCEF Doc. 85). "Affix and mail" or "nail and mail" service, per CPLR §308(4), applies to individuals, not corporations. (*See Knopf v.*

*Sanford*, 132 A.D.3d 416 [1st Dept 2015]; *see Lakeside Concrete Corp. v. Pine Hollow Bldg. Corp.*, 104 A.D.2d 551 [2 Dept.1984], *affd.* 65 N.Y.2d 865 [1985]).

Additionally, it does not appear that PHD was duly served with the within motion. CUPSOUL's June 20, 2024 certified mailing (sent to 73 East Avenue in Hicksville, New York) notifying PHD of the default was returned as undeliverable (NYSCEF Doc. 86). However, despite this returned default notice, the motion for default was apparently served at the same, undeliverable address in Hicksville (NYSCEF Doc. 89).

Finally, CUPSOUL has not established the facts constituting its claims against PHD as per CPLR §3215(f). Although a party in default is "deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Woodson v. Mendon Leasing Corp.*, 100 N.Y.2d 62, 70–71 [2003]), the movant must still set forth the facts constituting a viable cause of action against the defaulting party (*see State Farm Mut. Auto. Ins. Co. v. AK Glob. Supply Corp.*, 203 A.D.3d 556 [1st Dept 2022]).

With respect to the breach of contract cause of action, the Psoni affirmation does not assert that CUPSOUL and PHD entered into any contract or other agreement, nor is a copy of any contract or agreement between these parties submitted. (*see Giordano v. Berisha*, 45 A.D.3d 416 [1st Dept 2007]). Thus, there is insufficient evidence showing a viable breach of contract claim. With respect the causes of action for contribution or common law indemnification, it has generally been held that default is not warranted until liability is established in the main action. (*see IMP Plumbing & Heating Corp. v. 317 E. 34th St., LLC*, 89 A.D.3d 593, 594 [1st Dept 2011], *citing Multari v. Glalin Arms Corp.*, 28 A.D.2d 122 [2d Dept 1967], *appeal dismissed* 23 N.Y.2d 740 [1968]). Thus, based upon the evidence submitted, default judgment as to contribution and

[* 3]

common law indemnification is not warranted at this time. (*see Peg Bandwidth, LLC v. Optical Commc'ns*, 150 A.D.3d 625, (1st Dept 2017).

Accordingly, it is hereby

ORDERED that Defendant/Third Third-Party Plaintiff CUPSOUL, LLC's motion for default judgment pursuant against Third Third-Party Defendant PHD DESIGN LLC is denied and it is further

ORDERED that, within 20 days from the entry of this order, movant shall serve a copy of this order with notice of entry on all parties via CPLR service requirements and via electronic filing and upon the Clerk of the General Clerk's Office, who is hereby directed to make all required notations thereof in the records of the court.

This constitutes the decision and order of the court.

12/11/2024
_____
DATE

DENISE M DOMINGUEZ, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]